**Shirley A. O'DELL, Plaintiff–Appellant,**

v.

**Donna SHALALA, Secretary of the Department of Health and Human Services, Social Security Administration, United States of America, Defendant–Appellee.**

No. 94–6071.

United States Court of Appeals,
Tenth Circuit.

Dec. 29, 1994.

Rex D. Brooks, Oklahoma City, OK, for appellant.

Vicki Miles–LaGrange, U.S. Atty., M. Kent Anderson, Asst. U.S. Atty., Oklahoma City, OK, Gayla Fuller, Chief Counsel, Region VI, Charlene M. Seifert, Acting Chief, Social Security Branch, Joseph B. Liken, Supervisory Asst. Regional Counsel, Social Security Branch, U.S. Dept. of Health & Human Services, Dallas, TX, for appellee.

Before BRORBY and EBEL, Circuit Judges, and SAM,* District Judge.

SAM, District Judge.

 Claimant Shirley A. O'Dell appeals from the district court's affirmance of the decision of the Secretary of Health and Human Services (Secretary) denying her application for disability benefits.[1] Because the Secretary's decision is supported by substantial evidence, even after considering the new evidence submitted to the Appeals Council, we affirm.[2]

Claimant applied for social security disability benefits in September 1991, alleging an inability to work since November 1987 due to diabetes, kidney disease, hypertension, and knee pain. Claimant's insured status expired on December 31, 1990.

At a hearing before an administrative law judge (ALJ), claimant testified to severe knee pain and incapacitation. Her medical records, however, did not contain any objective evidence of joint disease in her knees prior to December 31, 1990. The ALJ, therefore, found no medical evidence that claimant suffered from a disabling knee condition within her insured period, and that any problems that claimant may have experienced with her knees were minimal. Appellant's App. at 9–10. He also found that claimant suffered from diabetes, hypertension, and mitral valve prolapse within the relevant period, but that these impairments did not prevent her from doing light work.

After the ALJ issued his decision, claimant requested review by the Appeals Council and submitted two pieces of new evidence: (1) a radiologic report showing degenerative osteoarthritic changes in claimant's knees in May 1989, and (2) a physician's letter, dated December 9, 1992, noting that claimant had suffered from degenerative joint disease since at least 1989 and that her joint disease, when combined with her neuropathy, made it difficult for claimant to stand or walk. *Id.* at 4–5. The Appeals Council decided that the new evidence did not provide a basis for changing the ALJ's decision and denied review.

Claimant sought review of the Secretary's decision in the United States District Court for the Western District of Oklahoma and the case was referred to a magistrate judge. Noting a split in the circuits, the magistrate judge refused to consider the new evidence submitted to the Appeals Council when re-

---

* Honorable David Sam, District Judge, United States District Court for the District of Utah, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed.R.App.P. 34(f) and 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. We note that claimant provided us only a partial record containing excerpts of medical re-

ports favorable to her case. When an appellant intends to argue that a finding or conclusion is unsupported by or is contrary to the evidence, "the appellant shall include in the record a transcript of *all* evidence relevant to such finding or conclusion." Fed.R.App.P. 10(b)(2) (emphasis added). Although the record is inadequate, the excerpts provided are sufficient to support the Secretary's determination. We choose, therefore, to decide the case on its merits.

viewing the ALJ's decision, citing *Eads v. Secretary of Department of Health & Human Services*, 983 F.2d 815, 817–18 (7th Cir. 1993). The district court agreed, holding that it would not consider evidence which was not before the ALJ, that it would not remand the case for the Secretary to consider the new evidence, and that the final decision was supported by substantial evidence. This appeal followed.

We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence and whether correct legal standards were applied. *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216–17, 83 L.Ed. 126 (1938)). Evidence is insubstantial if it is overwhelmingly contradicted by other evidence. *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir.1987).

Claimant argues that the district court erred in refusing to consider the evidence first submitted to the Appeals Council when reviewing the Secretary's final decision for substantial evidence. She contends that because the new evidence contradicted the ALJ's finding that she did not suffer from a knee impairment during her insured period, the Secretary's decision is not supported by substantial evidence.

Social security regulation 20 C.F.R. § 404.970(b) expressly authorizes a claimant to submit new and material evidence to the Appeals Council when seeking review of the ALJ's decision. If the evidence relates to the period on or before the date of the decision, the Appeals Council "shall evaluate the entire record including the new and material evidence submitted ... [and] then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Id.* A claimant need not show "good cause" before submitting the new evidence to the Appeals Council. *See*

*id.; Wilkins v. Secretary, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 n. 3 (4th Cir.1991).

If the Appeals Council denies review, the ALJ's decision becomes the Secretary's final decision. *See* 20 C.F.R. § 404.981. This decision, in turn, is reviewed for substantial evidence, based on "the record viewed as a whole." *Castellano*, 26 F.3d at 1028. The question is whether the "whole" record includes the evidence submitted to the Appeals Council, or just the evidence that was before the ALJ when his decision was made.

Two circuits have held that appellate review for substantial evidence is restricted to the evidence before the ALJ, without regard to the new evidence submitted to the Appeals Council. In *Eads*, 983 F.2d 815, the Seventh Circuit held that because it is the ALJ's decision which is reviewed when the Appeals Council denies review, the correctness of that decision depends on the evidence presented at the administrative hearing. The court emphasized its role as a reviewing court rather than a factfinder and noted the existence of other avenues to place the new evidence before the Secretary. *Id.* at 817–18. The Sixth Circuit has also held that, if the Appeals Council denies review, the final decision is reviewed based on the evidence before the ALJ, unless there is good cause justifying a remand for administrative consideration of the new evidence. *Cotton v. Sullivan*, 2 F.3d 692, 695–96 (6th Cir.1993).

Four circuits have concluded that the new evidence becomes part of the administrative record even when the Appeals Council denies review, and that it should be considered when assessing the Secretary's decision for substantial evidence. In *Keeton v. Department of Health & Human Services*, 21 F.3d 1064, 1067 (11th Cir.1994), the court examined the social security review process and concluded that "the administrative process continues when a claimant seeks review of an ALJ decision ... and new evidence first submitted to the Appeals Council is part of the administrative record that goes to the district court for review."

In *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir.1993), the court noted that the Appeals Council's decision to deny review rests on an examination of the merits of the entire record, including the new evidence, and embodies its conclusion that the additional evidence fails to provide a basis for changing the ALJ's decision. *See also Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir.1994) (holding that court reviews ALJ's decision for substantial evidence "on the record as a whole, including the new evidence submitted after the determination was made"); *Wilkins*, 953 F.2d at 96 (holding that under Fourth Circuit law, the new evidence becomes part of the administrative record to be considered on review).

At least one district court in the Tenth Circuit has concluded that new evidence submitted to the Appeals Council becomes part of the record for review. *See Jones v. Sullivan*, 804 F.Supp. 1398, 1404 (D.Kan.1992) (adopting the Eighth Circuit's analysis in *Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir.1992)). In contrast, the district court in this case refused to consider any evidence submitted for the first time to the Appeals Council. Appellant's App. at 53. These two district court opinions are diametrically opposed, demonstrating the need for guidance from this court.

We join the Fourth, Eighth, Ninth, and Eleventh Circuits, in holding that the new evidence becomes part of the administrative record to be considered when evaluating the Secretary's decision for substantial evidence. Three factors underlie our decision.

First, it appears that the Secretary has made an administrative decision to give a claimant a last opportunity to demonstrate disability before the decision becomes final. Although it would be better if a claimant presented all of his or her evidence at an earlier stage in the proceeding, 20 C.F.R. § 404.970(b) expressly authorizes submission of new evidence to the Appeals Council, without a "good cause" requirement. Disregarding the evidence on review may undermine the purpose of the regulation.

Second, the regulation appears to make the new evidence part of the administrative record, directing the Appeals Council to "evaluate the entire record including the new and material evidence submitted," and requiring review if the ALJ's decision is contrary to the weight of the evidence "currently of record." 20 C.F.R. § 404.970(b). Lastly, because the Secretary's decision does not become final until after the Appeals Council denies review or issues its own findings, her "final decision" necessarily includes the Appeals Council's conclusion that the ALJ's findings remained correct despite the new evidence.

▪ Here, consideration of the new evidence does not require a change in the outcome: the ALJ's determination remains supported by substantial evidence. Although the ALJ found, at one point, that "[c]laimant's problems with her knees do not appear in her medical record until May 1992," he also credited her subjective complaint of knee problems and found that "any problem claimant may have experienced with her knee[s], prior to December 31, 1990, ... constituted only a slight abnormality having such a minimal affect on her that it did not interfere with her ability to work." Appellant's App. at 9. As the ALJ accepted Ms. O'Dell's claim of knee problems within her insured period, the radiologic report showing osteoarthritic changes in 1989 did not contradict his conclusions. This is especially true in light of the report's characterization of the knee changes as "marginal," with "slight[ ]" narrowing in the knee joint space, and "[n]o intra-articular calcification or fluid density in the supra patella bursa." *Id.* at 5.

Dr. Richmond's letter describing the effect of claimant's knee problems also does not undermine the Secretary's decision. The letter only describes the effect of claimant's combined conditions in December 1992, and contains no opinion as to the severity of these conditions two years earlier. Because the letter does not contradict the ALJ's finding that claimant's knee problems had only a minimal effect on her ability to work before December 31, 1990, the Secretary's decision is supported by substantial evidence.

▪ Claimant's argument that we should disregard the vocational expert's classification of her former work is without merit. To establish disability, a "claimant bears the

burden of proving [her] inability to return to [her] particular former job and to [her] former occupation as that occupation is generally performed throughout the national economy." *Andrade v. Secretary of Health & Human Servs.*, 985 F.2d 1045, 1051 (10th Cir.1993).

The vocational expert testified that the position of food preparation supervisor entails the performance of light skilled work. Appellant's App. at 29. The *Dictionary of Occupational Titles*, § 319.137.010, also classifies this work as "light." Although claimant's previous job, as she performed it, may have included cooking duties, there is no evidence that the position of food preparation supervisor generally encompasses such duties. Claimant, therefore, has not demonstrated her inability to return to her former "type" of work, as that job is generally performed. *See Andrade*, 985 F.2d at 1052. Further, because the vocational expert's opinion was based both on claimant's vocational records and her hearing testimony, we cannot assume that she disregarded claimant's job duties in assessing her former employment as "light." The Secretary's conclusion that claimant could return to her former occupation is supported by substantial evidence and will not be disturbed.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.