48 F.3d 1232
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Johnny PUCKETT, Plaintiff-Appellant,
v.
Donna SHALALA, Secretary of Health & Human Services,
Defendant-Appellee.
 No. 94-7011.
(D.C. No. CV-92-593-S)
 United States Court of Appeals, Tenth Circuit.
 March 8, 1995.
 
 1
 Before KELLY and SETH, Circuit Judges, and KANE,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Johnny Puckett appeals from a judgment affirming the Secretary of Health and Human Services' denial of his application for disability insurance benefits and supplemental security income. We affirm.
 
 
 4
 Plaintiff applied for benefits on January 3, 1990, claiming he was disabled due to heart, left foot, and lung problems. His application was denied initially and on reconsideration.
 
 
 5
 An evidentiary hearing was held, and an administrative law judge (ALJ) denied benefits. The Appeals Council remanded, and the following evidence was elicited at the second evidentiary hearing. Plaintiff was born on March 17, 1944. He had a ninth grade education. His past relevant work was driving a truck. In December 1988 he had an occlusion of the left femoral artery. Surgery was performed. In January 1989 he had aortic valve replacement surgery. He returned to work until December 22, 1989, but has not worked since.
 
 
 6
 Plaintiff testified that he was unable to work because of heart and leg problems. Specifically, he gets chest pains and cannot breathe. He also has eleven blood clots in his left leg and large blisters on his left foot. It is painful for him to sit more than twenty minutes. He must keep his left leg elevated. His daily activities are limited to sitting or lying down and watching television. He takes a blood thinner, medication for fluid on his lungs, and breathing tablets.
 
 
 7
 The medical evidence showed that for the first few months following plaintiff's surgeries, Dr. M. Young Stokes, his treating physician, reported that plaintiff was looking and feeling well and that his left leg was better. In June 1989, however, plaintiff appeared exhausted and was interested in applying for social security disability benefits. In July he was feeling weak, and had chest pain and shortness of breath. He was looking and feeling better a week later. Dr. Stokes advised him to accept an office job rather than continuing to drive trucks. In August he had chest tightness and coarse breath sounds. In October his legs were nontender and had reasonable pulses. He indicated he planned to quit his job in November. In December he tired easily but otherwise looked and felt well. He had large blisters on the plantar surface of his feet.
 
 
 8
 In January 1990 Dr. Stokes noted that plaintiff had gained ten pounds and was feeling better since he was not working and bouncing around in a truck. His feet were improved. In February 1990, he felt fine and had no complaints. On March 6, 1990, Dr. Stokes reported that plaintiff was unimpaired in his ability to sit, handle objects, hear, and speak, but was impaired in standing, moving about, lifting, carrying, and traveling. In April 1990, plaintiff was looking and feeling better than usual.
 
 
 9
 On July 30, 1990, Dr. Stokes stated that plaintiff was limited to lifting ten pounds, could stand and/or walk less than one hour in an eight-hour day, could never climb, stoop, crouch or crawl, that his abilities to reach and push and pull were affected, and that he had various environmental restrictions due to dizziness, chest pain, and dyspnea. However, his ability to sit was unaffected.
 
 
 10
 On July 29, 1991, Dr. Stokes reported that he had examined plaintiff. In comparing plaintiff's current chest x-ray and electrocardiogram with previous studies, he concluded that plaintiff's condition had deteriorated. He thought this could be due to the hot weather and plaintiff's weight gain. The congestive changes noted clinically and on x-ray were suggestive of early stages of heart failure. He advised plaintiff to avoid any straining or exertion and prolonged exposure to the summer heat. He concluded that plaintiff was totally and permanently disabled. A vocational expert (VE) testified that a person who could sit for an uninterrupted period of time, could lift up to ten pounds, and had the environmental restrictions set forth in Dr. Stokes' March 6, 1990, letter could perform a substantial number of sedentary jobs in the national economy.
 
 
 11
 The ALJ denied benefits at step five of the five-step evaluation process, see Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir.1988), holding that while plaintiff could not return to his past relevant work, his residual functional capacity for sedentary work had not been significantly compromised by his impairments. The Appeals Council denied review, making the ALJ's decision the final decision of the Secretary. The district court affirmed.
 
 
 12
 We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence and whether she applied the correct legal standards. See Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir.1993). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).
 
 
 13
 Plaintiff contends the Secretary was not justified in disregarding the opinions of his treating physicians Dr. Stokes and Dr. Michael Lee.[2] The Secretary is to give controlling weight to a treating physician's opinion about the nature and severity of a claimant's impairments if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. 404.1527(d)(2); 416.927(d)(2). However, a treating physician's opinion that a claimant is totally disabled is not controlling, as that opinion is reserved to the Secretary. 20 C.F.R. 404.1527(e)(1), 416.927(e)(1); see Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1029 (10th Cir.1994). A treating physician's opinion of disability may be rejected if it is not supported by specific findings. Id. If the Secretary rejects the opinion of a treating physician, she must articulate "specific, legitimate reasons" for doing so. Reyes v. Bowen, 845 F.2d 242, 245 (10th Cir.1988).
 
 
 14
 The ALJ did not adopt Dr. Stokes' opinion that plaintiff was totally disabled because Dr. Stokes based it on the fact that plaintiff could not return to his past work, rather than on whether plaintiff could do any substantial gainful activity, and the record before the ALJ did not support a finding that plaintiff was unable to do any work activity. We agree. The medical evidence submitted to the ALJ established that plaintiff's condition following his surgeries was greatly improved. His ability to sit was unimpaired and he could lift up to ten pounds. These are the basic physical exertion requirements of sedentary work. 20 C.F.R. 404.1567(a), 416.967(a). While Dr. Stokes had imposed certain environmental restrictions, these were taken into account by the VE in determining there were a substantial number of jobs that plaintiff could perform.
 
 
 15
 However, the ALJ did not have before him Dr. Stokes' letter concerning his October 14, 1991, examination of plaintiff. In that letter he reported that he had compared his recent findings to those from previous exams and noticed major changes in plaintiff's left lower extremity, specifically, varicose veins, diminished peripheral pulses, blisters and peeling on the plantar surface of the left foot, and tenderness in the left lower extremity. He concluded these findings were compatible with limiting plaintiff to sitting or standing no more than twenty minutes and keeping his left leg elevated higher than his hips whenever possible. He reiterated his opinion that plaintiff was totally and permanently disabled.
 
 
 16
 Dr. Stokes' October 14, 1991, letter was submitted to and considered by the Appeals Council. It is properly part of the record and must be considered in determining whether the Secretary's decision is supported by substantial evidence. O'Dell v. Shalala, No. 94-6071, 1994 WL 719864, at * 3 (10th Cir. Dec. 29, 1994).
 
 
 17
 The Appeals Council gave two specific reasons for disregarding the letter: it was inconsistent with Dr. Stokes' previous assessments of plaintiff's limitations, and there were no medically acceptable clinical and diagnostic studies to support the conclusion that plaintiff was now limited in his ability to sit and had to elevate his left leg. These are acceptable reasons for refusing to give controlling weight to a treating physician's opinion as to the nature and severity of impairments. 20 C.F.R. 404.1527(d)(2), 416.927(d)(2). While plaintiff argues that Dr. Stokes performed numerous clinical tests and took x-rays, these results are not mentioned in support of the conclusions reached in the October 14, 1991, letter.[3] We therefore conclude the Appeals Council properly rejected Dr. Stokes' October 14, 1991, opinion regarding plaintiff's limitations, and that substantial evidence supports the finding that plaintiff is not disabled. In light of this conclusion, we need not address plaintiff's contention that Dr. Stokes' opinion indicating plaintiff must alternate sitting and standing mandates a finding of disability under Social Security Ruling 83-12.
 
 
 18
 We reject as patently meritless plaintiff's claim that the Secretary improperly decided the case pursuant to the Medical-Vocational Guidelines ("grids"), 20 C.F.R. Pt. 404, Subpt. P, App. 2, because he has nonexertional impairments. The ALJ unequivocally stated that he used the grids only as a framework for decision-making. This is the proper procedure. Campbell v. Bowen, 822 F.2d 1518, 1522 n. 2 (10th Cir.1987). Finally, we also reject his argument that the ALJ erred by failing to include in his hypothetical question to the VE impairments rejected by the ALJ and Appeals Council. Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir.1993).
 
 
 19
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable John L. KANE, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We uphold the decision discounting Dr. Lee's letter because it contained no medical findings and the record did not establish that Dr. Lee was a treating source
 
 
 [3]
 Dr. Stokes stated in the letter that plaintiff's peripheral pulses were diminished, but did not provide any specific test results to substantiate this assertion