Claireather M. WILKINS,
Plaintiff–Appellant,

v.

SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant–Appellee.

No. 90–1476.

United States Court of Appeals,
Fourth Circuit.

Argued June 4, 1991.
Decided Dec. 17, 1991.

Charles H. Cuthbert, Jr., Cuthbert Law Offices, Petersburg, Va., argued for plaintiff-appellant.

Robert S. Drum, Asst. Regional Counsel, Office of the Gen. Counsel, Dept. of Health and Human Services, Philadelphia, Pa., argued (Eileen Bradley, Chief Counsel, Region III, William B. Reeser, Supervisory Asst. Regional Counsel, Office of the Gen. Counsel, Department of Health and Human Services, Philadelphia, Pa., Henry Hudson, U.S. Atty. and Robert W. Jaspen, Asst. U.S. Atty., Richmond, Va., on brief), for defendant-appellee.

Before ERVIN, Chief Judge, RUSSELL, WIDENER, HALL, PHILLIPS, MURNAGHAN, SPROUSE, WILKINSON, WILKINS, and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.

## OPINION

WILKINS, Circuit Judge:

Claireather M. Wilkins filed a claim for social security supplemental security income (SSI) benefits and disability insurance benefits (DIB). The administrative law judge (ALJ) found that she was disabled and awarded SSI benefits, but concluded that she was not entitled to DIB. The Appeals Council denied review. The district court held that the ALJ decision was supported by substantial evidence and a panel of this court affirmed, *Wilkins v. Secretary, Dep't of Health & Human Servs.*, 925 F.2d 769 (4th Cir.1991). The court then granted her petition for rehearing en banc. We now reverse and remand.

## I.

In February 1981, Wilkins injured her shoulder during the course of her employment as a psychiatric aide. She subsequently developed back pain and was required to undergo surgery. She did not return to work after surgery.

Beginning in 1980 and throughout 1981, Wilkins was treated for depression by Dr. Pung S. Liu, M.D. In February 1982, she

was examined by Dr. A.M. Masri, M.D., who diagnosed her as suffering from major depression. Although she received extensive treatment from Dr. Masri in 1982, Wilkins did not seek further treatment for depression until March 28, 1987. Beginning on that date and continuing through June 1988, Wilkins was again treated for depression by Dr. Liu.[1]

By decision dated June 1, 1988, the ALJ found that Wilkins was unable to perform her past relevant work as a result of low back pain and major depression and that her "residual functional capacity for full range of light work [was] reduced by the effects of a major depression." Finding that Wilkins' subjective complaints were not entirely credible, the ALJ concluded that she was disabled beginning on March 28, 1987—the date on which she revisited Dr. Liu and the date for which expert corroboration of her most recent depression was first available. The ALJ awarded Wilkins SSI benefits, but found that she was ineligible for DIB because her disability insured status ended December 31, 1986.

Wilkins requested review by the Appeals Council and submitted a letter dated June 16, 1988 from Dr. Liu. This letter stated:

Mrs. Wilkins has been under my care since September 24, 1981 with a diagnosis of depression. Mrs. Wilkins was injured on her job in February 1981 after trying to help a patient get into bed. She has had surgery on her back for a ruptured disk. Since then, she has been very depressed as evidenced by general lethargy, withdrawal, crying spells and somatic symptoms.

Mrs. Wilkins was seen again on March 28, 1987 with the same symptoms. According to Mrs. Wilkins, from December 1986 until I saw her on March 28, 1987 both her mental and physical symptoms basically remained constant. She has told me that during this period of about three months she was not able to do anything, even her household duties. This is consistent with the nature of her

1. For a more detailed recitation of the facts, see *Wilkins,* 925 F.2d at 770–72.

psychiatric illness, the history of that illness and my observations of her.

Judged from her history and the nature of illness, in my opinion, she was disabled as of at least December 31, 1986.

The Appeals Council incorporated this letter into the record on appeal and wrote that "where new and material evidence is submitted with the request for review, the entire record will be evaluated and review will be granted where the Appeals Council finds that the Administrative Law Judge's action, findings or conclusion is contrary to the weight of the evidence currently of record." The Appeals Council, considering Dr. Liu's letter, concluded that no basis existed for review. Wilkins argues on appeal that the finding that her disability did not begin before March 28, 1987 is not supported by substantial evidence.

## II.

■ The first question we must address is the proper interpretation of 20 C.F.R. § 404.970 (1991) which governs the circumstances under which the Appeals Council is to review a decision of the ALJ. This provision states:

**Cases the Appeals Council will review.**

(a) The Appeals Council will review a case if—

(1) There appears to be an abuse of discretion by the administrative law judge;

(2) There is an error of law;

(3) The action, findings or conclusions of the administrative law judge are not supported by substantial evidence; or

(4) There is a broad policy or procedural issue that may affect the general public interest.

(b) If new and material evidence is submitted, the Appeals Council *shall consider* the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council *shall evaluate the entire record including the new and material evi-*

dence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It *will then review* the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970 (emphasis added).

We find that the panel interpretation of this provision—that the Appeals Council is not required to consider new evidence under subsection 404.970(b) unless the Council is required to review the case under subsection 404.970(a)—contravenes the plain wording of the regulation and contradicts the interpretation of all other circuit courts that have addressed the issue. We agree with the Courts of Appeals for the Fifth, Eighth, and Ninth Circuits that the regulation sets forth a mandatory rule that the Appeals Council must consider new and material evidence relating to the period prior or to the ALJ decision in determining whether to grant review, even though it may ultimately decline review. *See Dorsey v. Heckler,* 702 F.2d 597, 602 n. 7 (5th Cir.1983); *Williams v. Sullivan,* 905 F.2d 214, 216 (8th Cir.1990); *Bates v. Sullivan,* 894 F.2d 1059, 1064 (9th Cir.1990). Our interpretation of the regulation also coincides with that of the Appeals Council, which considered the letter in reaching its decision to decline review. We hold that the Appeals Council is required to consider new and material evidence relating to the period on or before the date of the ALJ decision in deciding whether to grant review.

## III.

■ The next issue before the court is whether Dr. Liu's letter of June 16, 1988 was properly considered by the Appeals Council.[2] The Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review "if the additional evidence is (a)

---

**2.** Because the panel concluded that the Appeals Council was not required to consider Dr. Liu's letter, it did not address whether the letter was

new and material evidence for purposes of subsection 404.970(b).

new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Williams,* 905 F.2d at 216.[3] Evidence is new within the meaning of this section if it is not duplicative or cumulative. *Id.; see generally* Associate Comm'r of Hearings and Appeals, Social Security Admin., Pub. No. 70-074, *Hearings, Appeals, Litigation, and Law (LEX) Manual,* § I-3-306(A) (1990). Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome. *See Borders v. Heckler,* 777 F.2d 954, 956 (4th Cir.1985).

We find that Dr. Liu's letter satisfies both of these requirements. No other evidence specifically addressed this issue, and the letter might reasonably have changed the ALJ's conclusion that Wilkins was not disabled prior to March 1987. Clearly, this evidence related to her condition prior to the rendering of the ALJ decision. Therefore, we find that the letter was new and material evidence relating to the period prior to the ALJ decision, and the Appeals Council properly considered Dr. Liu's letter in reaching its decision.[4]

### IV.

Because the Appeals Council denied review, the decision of the ALJ became the final decision of the Secretary. *Russell v. Bowen,* 856 F.2d 81, 83–84 (9th Cir.1988); *see* 20 C.F.R. § 404.955 (1991). "Reviewing courts are restricted to the administrative record in performing their limited function of determining whether the Secretary's decision is supported by substantial evidence." *Huckabee v. Richardson,* 468 F.2d 1380, 1381 (4th Cir.1972); *see* 42 U.S.C.A. § 405(g). The Appeals Council specifically incorporated Dr. Liu's letter of June 16, 1988 into the administrative record. Thus, we must review the record as a whole, including the new evidence, in order to determine whether substantial evidence supports the Secretary's findings. On this record, the finding that Wilkins did not become disabled prior to March 28, 1987 is not supported by substantial evidence.

The record demonstrates that Dr. Liu treated Wilkins for approximately a year in 1981. Between Wilkins' first return visit in 1987 and the date on which Dr. Liu offered his opinion concerning the onset date of her depression, he saw Wilkins a total of nine times. This court has recognized that a treating physician may properly offer a retrospective opinion on the past extent of an impairment. *See Wooldridge v. Bowen,* 816 F.2d 157, 160 (4th Cir.1987). As Wilkins' treating physician, Dr. Liu's opinion is entitled to great weight. *Mitchell v. Schweiker,* 699 F.2d 185, 187 (4th Cir.1983). An ALJ may not reject a treating physician's opinion, based on medical expertise, concerning the extent of past impairment in the absence of persuasive contrary evidence. *Id.* The Secretary failed to offer expert or medical evidence that can be viewed as contradicting Dr. Liu's opinion that Wilkins was disabled prior to December 31, 1986. Because the record contains this uncontradicted evidence from Wilkins' treating physician, we conclude that the ALJ's finding that Wilkins' disability did not begin until March 28, 1987 is not supported by substantial evidence. Accordingly, we reverse the Secretary's denial of DIB and remand for further proceedings.

REVERSED AND REMANDED.

CHAPMAN, Senior Circuit Judge, dissenting:

I dissent and adopt the reasoning set forth in the original panel opinion found at 925 F.2d 769 (4th Cir.1991). I differ with

---

3. A claimant seeking a remand on the basis of new evidence under 42 U.S.C.A. § 405(g) (West 1983) must show that the evidence is new and material and must establish good cause for failing to present the evidence earlier. There is no requirement that a claimant show good cause when seeking to present new evidence before the Appeals Council.

4. The panel addressed whether the district court erred in not remanding Wilkins' claim to the ALJ for reconsideration in light of Dr. Liu's letter. Because this evidence had already been made a part of the record, a remand for this purpose was unnecessary. *See* 42 U.S.C.A. § 405(g).

the majority because I am convinced that 20 C.F.R. § 404.970 (1991) was adopted to provide an orderly and speedy disposition of social security claims and to discourage piecemeal litigation. By allowing the proceedings to be reopened and remanded for additional evidence, which is not really new, the majority is encouraging attorneys to hold back evidence and then seek remand for consideration of evidence that was available at the time of the ALJ hearing.

The record clearly shows that the claimant's attorney had Dr. Liu's latest medical opinion on May 2, 1988. This was two days before the ALJ hearing was conducted on May 4, 1988. The May 2, 1988 letter of Dr. Liu is in the record and it makes no mention of the critical date of December 31, 1986. At this hearing, ALJ Lissner asked the claimant's attorney to examine the ALJ record and satisfy himself that all treatment records were present. The ALJ also advised the attorney that he would be given time to submit any records that might be missing. A medical report from Dr. Eleanor Evans was submitted on May 12, 1988 by the claimant's attorney, but in the transmittal letter accompanying this report there was no mention of Dr. Liu's examination or a claim of an onset of disability prior to 1987.

On June 1, 1988, the ALJ rendered his opinion, and the claimant requested review on June 28, 1988 and attached a copy of a report from Dr. Liu dated June 16, 1988, which included the statement: "Judged from her history and the nature of illness, in my opinion, she was disabled as of at least December 31, 1986."

This was not "new evidence." The claimant's attorney already had Dr. Liu's letter of May 2, 1988, which expressed the doctor's opinion as to the date of the onset of claimant's impairment. Dr. Liu's latest opinion was prepared after the ALJ hearing, after the claimant's attorney was given the opportunity to and did submit additional medical reports, and after the ALJ's opinion. The new medical report was designed purely and simply to fill in the gap in the claimant's case—to prove that she

was disabled while she was in an insured status—that is before December 31, 1986.

To encourage this type of supplement to the record, after the ALJ's decision, is at odds with the intent of 20 C.F.R. § 404.970, which is an orderly and speedy disposition of claims. The law seeks certainty and repose and this is in keeping with the district court's interpretation of the regulation—that a claimant must satisfy one of the conditions of subsection (a) before relief under subsection (b) may be pursued.

WILKINSON, Circuit Judge, joins in this dissenting opinion.