972 F.2d 339
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Freddie D. GARRETT, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 91-2273.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 13, 1992
Decided: August 7, 1992
 
 Freddie D. Garrett, Appellant Pro Se.
 Jean Martel Barrett, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia; William Brian Reeser, UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES, Philadelphia, Pennsylvania, for Appellee.
 Before HALL, MURNAGHAN, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Freddie D. Garrett appeals from an order of the district court granting summary judgment in favor of the Secretary of Health and Human Services (Secretary). The Secretary denied social security disability benefits to Garrett in administrative proceedings. Finding no new, material evidence presented on appeal and the Secretary's decision supported by substantial evidence, we affirm.[1]
 
 
 2
 The Secretary, through an Appeals Council decision upholding the ruling of an administrative law judge (ALJ), decided that Garrett's disability occurred after the termination of his social security disability insurance.[2] Such decisions may be appealed to the district court for determination of whether the decision was supported by substantial evidence, with the district court's decision subject to review by this Court. 42 U.S.C.A. § 405(g) (West 1991). On appeal, this Court does not find facts or retry the case, King v. Califano, 599 F.2d 597 (4th Cir. 1979), and will not upset the decision if it is supported by substantial evidence. Wilkins v. Secretary, Health & Human Servs., 953 F.2d 93 (4th Cir. 1991).
 
 I.
 
 3
 Garrett's first, and main, argument is that the Secretary's decision is not supported by substantial evidence. However, the ALJ, whose initial ruling provides the record evidence for appeal, heard sufficient facts to reasonably conclude that Garrett was not disabled as of September 30, 1984. The evidence produced at the hearing before the ALJ included, inter alia: (1) Expert testimony that Garrett could perform light work during the period from 1980-1984; (2) expert testimony that such work was available in Garrett's economic region during that period; (3) evidence that Garrett sought almost no medical treatment during that same period; and (4) evidence of Garrett's myocardial infarctions in 1986. Garrett's present disability is uncontested; however, the evidence could lead a reasonable trier of fact to conclude that Garrett did not become disabled until 1986, almost two years after the termination of Garrett's disability insurance. The ALJ's ruling on ineligibility, upon which the Secretary's decision to deny benefits was ultimately based, is supported by substantial evidence. The district court did not err in so finding.
 
 II.
 
 4
 Garrett's second argument is that, even if substantial evidence did exist, remand is proper under 42 U.S.C.A. § 405(g). This section allows courts to remand to the Secretary where new, material evidence is presented on appeal. "Evidence is new ... if it is not duplicative or cumulative." Wilkins, 953 F.2d at 96. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Id. During his appeal Garrett has produced: (1) a letter from his current physician criticizing the ALJ's findings; and (2) undated EKG's.
 
 
 5
 The latter evidence is unhelpful. The lack of dates or other descriptive information on the bare EKG's renders them non-material. There is no reasonable probability that the outcome would be different on remand with this evidence.
 
 
 6
 The physician's letter does not merit a remand either. Because it merely points to information already before the ALJ,[3] it is not "new." Additionally, there is no reason to believe that the Secretary would alter the outcome of the claim on remand based on the critique of the ALJ's findings by Garrett's physician. Thus, the letter is not material.
 
 III.
 
 7
 Because the decision of the Secretary, based on the findings and ruling of the ALJ, is supported by substantial evidence; and because no new, material evidence has been brought forth on appeal, the district court's grant of summary judgment for the Secretary is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Because this case was decided in the normal course of appeal, Garrett's motion to expedite is hereby denied
 
 
 [2]
 The termination date of Garrett's disability insurance was determined to 6350 35 9 be September 30, 1984. This is uncontested on appeal
 
 
 [3]
 The ALJ noted in his written decision that Garrett had the cardiovascular condition mentioned in the letter. He took the condition into consideration, weighing it with the expert testimony and other evidence