**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ODESSA JOLLY,
Plaintiff-Appellant,

v.

No. 96-1972

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CA-95-794)

Submitted: December 31, 1996

Decided: February 11, 1997

Before NIEMEYER and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles D. Bennett, Jr., Roanoke, Virginia, for Appellant. James A.
Winn, Acting Chief Counsel, Region III, Anne von Scheven, Assis-
tant Regional Counsel, Office of General Counsel, SOCIAL SECUR-
ITY ADMINISTRATION, Philadelphia, Pennsylvania; Helen F.
Fahey, United States Attorney, Debra J. Prillman, Assistant United
States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Odessa Jolly filed this action seeking judicial review of the Social Security Commissioner's final decision denying her claim for disability insurance ("DIB") and social security supplemental income ("SSI") benefits from 1989 to 1994. Jolly claimed that back pain rendered her disabled during that time. An administrative law judge denied relief, as did the Appeals Council and the district court.

Jolly worked as a custodian until May 1989, when she injured her back at work while lifting a bag of garbage. Jolly worked intermittently until January 1990, when she ceased working entirely. Jolly was treated by several doctors, who all diagnosed her with having a sprained back, generally caused by poor body mechanics. Neurological tests, X-rays, an MRI, and an EMG were all within normal limits; as were Jolly's gait, reflexes, sensation, and muscle tone. There was no evidence of radiculopathy or nerve root compression, and all of the doctors rejected the need for surgical intervention. One of the doctors, Dr. Watkins, recommended that Jolly be restricted to more sedentary type work.

Jolly filed for the first time in the district court a motion to remand based upon allegedly new and material evidence. This evidence consisted of a psychological evaluation and a report from the examiner stating that Jolly had a verbal IQ score of seventy-four, a performance IQ score of eighty, and a full scale IQ score of seventy-six. Jolly argued that her low IQ scores, coupled with her back pain, rendered her disabled. The district court denied the motion to remand, granted the Commissioner's motion for summary judgment, and affirmed the denial of DIB and SSI benefits.

To support a remand to consider newly submitted medical evidence, the evidence must be new, material, and relate to the period

2

prior to the ALJ's decision, and there must be good cause for failing to present the evidence earlier. 42 U.S.C. § 405(g) (1994); Wilkins v. Secretary, Dep't of Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991). We need not address Jolly's claims that the evidence was relevant and that she had good cause for failing to present the evidence before the ALJ, because we find that the evidence was not material.

"Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Id. at 96. Jolly's IQ scores, coupled with her physical impairment, would only be considered disabling if her IQ scores were seventy or less. 20 C.F.R. pt. 404, subpt. P, app. 1, § 112.05(C) (1994). Since Jolly's IQ scores were all above seventy, there would be no basis for a finding of disability by the Commissioner.

So long as the correct law was applied and substantial evidence supported the Commissioner's decision, we must affirm. 42 U.S.C. § 405(g) (1994); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). We find that the ALJ made a thorough evaluation of the evidence before him, in compliance with regulatory standards and the applicable law. The ALJ set forth in detail his reasons for giving less weight to Dr. Watkins's recommendation, specifically finding that this recommendation was contradicted by the objective medical evidence, including Dr. Watkins's own objective medical findings. The ALJ was in the best position to assess whether or not the gravamen of the evidence supported Jolly's account of her disabilities, and substantial evidence supported his finding that it did not.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3