**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LOUIS DEAN COOPER,
Plaintiff-Appellant,

v.

No. 95-2804

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
G. Ross Anderson, Jr., District Judge.
(CA-94-83-6-3AK)

Argued: January 27, 1997

Decided: February 19, 1997

Before RUSSELL and WILKINS, Circuit Judges, and OSTEEN,
United States District Judge for the Middle District of
North Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Paul Townsend McChesney, FRALEY, MCCHESNEY
& MCCHESNEY, Spartanburg, South Carolina, for Appellant. Ronald Lamar Paxton, Assistant Regional Counsel, Office of General
Counsel, Region IV, SOCIAL SECURITY ADMINISTRATION,
Atlanta, Georgia, for Appellee. **ON BRIEF:** Frank W. Hunger, Assistant Attorney General, Margaret B. Seymour, Interim United States

Attorney, Mary Ann Sloan, Acting Chief Counsel, Region IV, Mack A. Davis, Acting Deputy Chief Counsel, Haila Naomi Kleinman, Supervisory Assistant Regional Counsel, Office of General Counsel, Region IV, SOCIAL SECURITY ADMINISTRATION, Atlanta, Georgia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Louis Dean Cooper filed a claim with the Social Security Administration in March 1990 for a period of disability and disability insurance benefits,[1] alleging disability commencing May 1, 1982, as a result of back pain. After denial of his claim initially and on reconsideration, Cooper requested a hearing before an Administrative Law Judge ("ALJ"). After considering his claim de novo, the ALJ concluded that Cooper was not entitled to disability insurance benefits because he could perform his past relevant work, and because he was not under a disability as defined by the Social Security Act (the "Act")[2] at any time through September 30, 1985 -- the date he last qualified to receive special disability earnings under the Act. The ALJ's findings became the final decision of the Commissioner of Social Security (the "Commissioner") after being approved by the Appeals Council in December 1993.

Cooper then filed a complaint in the district court challenging the Commissioner's final decision was unsupported by substantial evidence. The magistrate judge recommended affirming the Commissioner's denial of benefits. After conducting a de novo review of the record, the district court adopted the magistrate judge's recommendation and affirmed the Commissioner's decision. This appeal followed.

_____

[1] 42 U.S.C. §§ 416(i)(1), 423.
[2] 42 U.S.C. § 423(d)(1)(A).

2

We review the Commissioner's final decision to determine whether it is supported by substantial evidence and whether the correct law was applied.[3] Section 405(g) precludes our reviewing the evidence de novo and requires that we uphold the commissioner's finding of no disability, even if we disagree, as long as it is supported by substantial evidence.[4] The ALJ reviewing the case bears the responsibility of making findings of fact and resolving evidentiary conflicts.[5]

Cooper contends that substantial evidence does not support the ALJ's findings because the ALJ failed to accord proper weight to the opinion of Cooper's treating physician, who concluded that Cooper was disabled prior to or on September 30, 1985. Cooper argues that his treating physician's records, made when he sought treatment combined with his treating physician's retrospective opinion regarding the extent of his disability during the relevant time period, demonstrates that Cooper suffered from disabling back pain prior to or on September 30, 1985.

The ALJ must give a treating physician's opinion great weight unless persuasive contradictory evidence exists. [6] When contradictory evidence exists, then the ALJ may disregard the opinion. Similarly, the ALJ may only reject a treating physician's opinion concerning the extent of past impairment in the presence of persuasive contradictory evidence.[7]

After thoroughly evaluating the evidence before him, the ALJ found the treating physician's contemporaneous records documenting Cooper's condition at the time of treatment failed to corroborate the physician's 1993 retrospective opinions that Cooper's debilitating back pain: (1) began in 1982; (2) caused Cooper to regularly miss work; and (3) prevented him from engaging in a full eight hour day prior to September 30, 1985. The treating physician, an internist, indicated that Cooper's disability existed as early as February 1982. Coo-

_____

[3] 42 U.S.C.A. § 405(g) (West Supp. 1996).
[4] **Id**; Smith v. Schweiker , 795 F.2d 343, 345 (4th Cir. 1986).
[5] **Criag v. Chater**, 76 F.3d 585, 589 (4th Cir. 1996).
[6] **Id**.
[7] **Wilkins v. Secretary, DHHS**, 953 F.2d 93, 96 (4th Cir. 1991).

per however, remained at his job until May 1982, which he left because of being laid-off and not because of his alleged disability. In February 1982 the physician examined Cooper twice for intermittent chest pain, which diminished by his third visit in March. Next, in December 1982, Cooper twice sought treatment for substernal chest and back pain on his left side. Although, Cooper complained of back pain during his first visit, when he returned three days later he only continued to experience chest pain. Other than consulting his doctor for a dog bite in 1984, Cooper did not seek treatment for severe back pain until March 1986, after he injured his back attempting to lift a television set. This onset of back pain occurred three and one half years after Cooper last sought treatment for chest pains.

Contrary to his treating physician's retrospective opinions regarding Cooper's condition, the physician's active contemporaneous treatment records lack any clinical findings or diagnosis documenting that Cooper suffered from a disability. Additionally, there is no evidence that Cooper's physical activity was restricted prior to September 30, 1985. Although Cooper did complain of pain from 1982-85, mild pain killers alleviated his discomfort. There exist no objective clinical findings that Cooper's subjective complaints of pain prevented him from performing his past relevant work, which was non-exertional.[8]

In light of this persuasive contradictory evidence the ALJ properly discredited the treating physician's opinion pursuant to the requisite Social Security regulations and case law. We conclude therefore, that the Commissioner's decision is supported by substantial evidence and was based on the correct legal standards. Accordingly we will not disturb the ALJ's findings.

Having carefully reviewed the record, briefs, and contentions of the parties at oral argument, we find no error in the district court's order adopting the magistrate judge's Report and Recommendation. We therefore affirm the decision of the district court on the opinion of that court.

AFFIRMED

_____

[8] For fifteen years prior to the expiration of his insured status Cooper was employed as a shift supervisor and shift superintendent at a corrugated cardboard box manufacturing plant.

4