**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BETTY MONTGOMERY,
Plaintiff-Appellant,

v.

No. 95-2851

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
David C. Norton, District Judge.
(CA-93-357-3-18BC)

Argued: January 27, 1997

Decided: February 25, 1997

Before RUSSELL and WILKINS, Circuit Judges, and
OSTEEN, United States District Judge for the
Middle District of North Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Paul Townsend McChesney, FRALEY, MCCHESNEY
& MCCHESNEY, Spartanburg, South Carolina, for Appellant. Ronald Lamar Paxton, Assistant Regional Counsel, SOCIAL SECURITY
ADMINISTRATION, Atlanta, Georgia, for Appellee. **ON BRIEF:**
Frank W. Hunger, Assistant Attorney General, Margaret B. Seymour,

Interim United States Attorney, Mary Ann Sloan, Acting Chief Counsel, Region IV, Mack A. Davis, Acting Deputy Chief Counsel, Haila Naomi Kleinman, Supervisory Assistant Regional Counsel, SOCIAL SECURITY ADMINISTRATION, Atlanta, Georgia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Betty Montgomery filed a claim with the Social Security Administration in June 1991 for a period of disability and disability insurance benefits.**1** She alleged disability commencing on December 31, 1985, as a result of blood clots in her left leg, edema, shortness of breath, and nerves. After denial of her claim initially and on reconsideration, Montgomery requested a hearing before an Administrative Law Judge ("ALJ"). After considering her claim de novo, the ALJ concluded that Montgomery was not entitled to disability insurance because she was not disabled at any time through September 30, 1986-- the date she last qualified to receive disability insurance. The ALJ further concluded that Montgomery had a residual capacity for a full range of sedentary unskilled work in the national economy. The ALJ's findings became the final decision of the Commissioner of Social Security (the "Commissioner") after being approved by the Appeals Council in April 1993.

Montgomery then filed a complaint in the district court challenging the Commissioner's final decision was unsupported by substantial evidence. The magistrate judge's Report and Recommendation recommended affirming the Commissioner's decision denying benefits. After conducting a de novo review of those portions of the magistrate judge's report to which Montgomery objected, the district court

_____

**1** 42 U.S.C. §§ 416(i)(1), 423.

2

adopted the magistrate judge's report and affirmed the Commissioner's decision. This appeal followed.

The ALJ reviewing the case bears the responsibility of making findings of fact and resolving evidentiary conflicts.[2] We review the Commissioner's final decision only to determine whether it is supported by substantial evidence and whether the correct law was applied.[3] Section 405(g) precludes our reviewing the evidence de novo and requires that we uphold the commissioner's finding of no disability, even if we disagree, as long as it is supported by substantial evidence.[4]

Montgomery contends that substantial evidence does not support the ALJ's findings because the ALJ failed to accord great weight to her treating physician's opinion that she was disabled prior to or on September 30, 1986, and to consider the vocational evidence she presented. She maintains that when evaluated together, this evidence proves that she suffered from impairments that prohibited her from engaging in her old occupations[5] and in any other substantial gainful activity.

Before considering vocational evidence, the ALJ must examine and weigh the opinions and reports of the claimant's treating physician. The ALJ must give a treating physician's opinion great weight unless persuasive contradictory evidence exists.[6] When contradictory evidence exists, then the ALJ may disregard the opinion. Similarly, the ALJ may only reject a treating physician's retrospective opinion concerning the extent of past impairment in the presence of persuasive contradictory evidence.[7]

After thoroughly evaluating the evidence before him, the ALJ found that the treating physician's contemporaneous records documenting Montgomery's condition at the time of treatment failed to corroborate his retrospective opinions. Although Montgomery's treat-

_____

[2] Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).

[3] 42 U.S.C.A. § 405(g) (West Supp. 1996).
[4] Id; Smith v. Schweiker , 795 F.2d 343, 345 (4th Cir. 1986).
[5] Prior to September 30, 1986, Montgomery worked as a spool operator and cafe worker.
[6] Chater, 76 F.3d at 589.

[7] Wilkins v. Secretary, DHHS, 953 F.2d 93 (4th Cir. 1991).

3

ing physician opined in 1992 that Montgomery was disabled "probably since 1983, but certainly since 1986," his contemporaneous treatment records do not support that conclusion. Instead his notes reveal that Montgomery experienced sporadic feet and leg problems between 1985 and 1987 and that she received treatment for those problems on only two occasions in 1985 and once in 1986.[8] At those times, mild to moderate pain medication alleviated her discomfort. These three treatments alone do not clearly show that she was disabled prior to the date she was last insured. Furthermore, her treating physician did not refer Montgomery to a specialist until 1989, well after her insured status expired. In sum, the treating physician's contemporaneous treatment records lack any clinical findings of a disability which prevented Montgomery from performing non-exertional, sedentary work. Additionally, the ALJ properly discounted Montgomery's other alleged physical limitations of anxiety, depression, shortness of breath, and nerves, because none of her medical records indicate she was treated for any of these maladies before she no longer qualified for special disability benefits.

In light of this persuasive contradictory evidence, the ALJ properly discredited the treating physician's opinion pursuant to the requisite social securities regulations and case law. We conclude therefore that the Commissioner's decision is supported by substantial evidence and was based on the correct legal standards. Accordingly we will not disturb the ALJ's findings.

Having carefully reviewed the record, briefs, and contentions of the parties at oral argument, we find no error in the district court's order adopting the magistrate judge's Report and Recommendation. We therefore affirm the decision of the district court on the opinion of that court.

AFFIRMED

_____

[8] Montgomery was treated for fibrositis or bursitis of the lower extremity on two consecutive visits, September 23, and October 1, 1985, more than a year before her insured status expired. Then she visited the emergency room in July 1986 for swelling in both legs and feet. Following that visit, it was not until August 1987, almost one year after the expiration of her insured status that she was hospitalized for severe leg problems.

4