**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HERMAN J. PHILLIPS,
Plaintiff-Appellant,

v.

No. 98-1221

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, District Judge.
(CA-96-167-7-F1)

Submitted: November 30, 1998

Decided: March 3, 1999

Before WILLIAMS and MOTZ, Circuit Judges and
HALL, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

James B. Gillespie, Jr., Mary C. Higgins, GILLESPIE & HIGGINS,
New Bern, North Carolina, for Appellant. Janice McKenzie Cole,
United States Attorney, Anne M. Hayes, Assistant United States
Attorney, Barbara D. Kocher, Assistant United States Attorney,
Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Herman Phillips appeals the decision of the district court granting the Commissioner of Social Security's motion for judgment on the pleadings and upholding the Commissioner's denial of Phillips' application for social security disability benefits on ground that he was not disabled within the meaning of the Social Security Act. Because the Administrative Law Judge (ALJ) should be given the opportunity to review Phillips' school records, we vacate the order of the district court and remand the matter for further proceedings.

Phillips filed his application for social security disability benefits on March 7, 1994, claiming disability since February 19, 1994. That application was denied on initial consideration and again on review. Phillips then requested a hearing before the ALJ and appeared with a non-attorney representative. At this hearing Phillips, through his representative, suggested that his claim be supplemented by a psychological evaluation. The ALJ granted leave for Phillips to procure an examination and supplement the record with further evidence regarding his mental state. Phillips underwent psychological testing on April 14, 1995, and the psychologist, Dr. David Novak submitted a report which indicated, among other things, that Phillips' IQ was 65 on the WAIS scale.

Upon receiving this report, the ALJ considered all the evidence before him and concluded that Phillips was not disabled within the meaning of the Social Security Act. In his decision, the ALJ acknowledged that Phillips faces several mental and physical impairments including borderline intellectual functioning; however, it was also the ALJ's conclusion that none of Phillips' impairments met the definitions of the listed impairments found in Appendix 1 of the implementing regulations of the act. See 20 C.F.R. Part 404, Subpt. P, App. 1 (1994). In determining that Phillips did not meet the definition of

2

mentally retarded, the ALJ considered Dr. Novak's psychological report, as well as Phillips' own declarations regarding his educational, work, and his home experiences. The ALJ's final decision was issued in July of 1995.

Prior to seeking review of his case by the Social Security Appeals Council, Phillips supplemented the record with evidence of his school records, including information regarding his scores on childhood IQ tests. Phillips was unable to submit the records earlier because he used a different name while in school, and this raised some difficulty in recovering them. The Social Security Appeals Council denied Phillips' request for review in September 1996.

Title 42 of the United States Code provides that a district court "may, . . . at any time order additional evidence to be taken before the Commissioner of Social Security" where there has been a showing that the "new evidence" is material and that there exists good cause for the party's failure to incorporate the evidence in a prior proceeding. 42 U.S.C.A. § 405(g) (West Supp. 1998)."Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Wilkins v. Secretary, Dep't of Health & Human Services, 953 F.2d 93, 96 (4th Cir. 1991) (en banc).

We believe that the appropriate action is for the district court to order that additional evidence be reviewed by the ALJ. As the magistrate judge noted in his memorandum and recommendation, Phillips has shown good cause why the evidence was not submitted earlier. Furthermore, the records are material as to whether Phillips suffered "significantly subaverage general intellectual functioning with deficits in adaptive behavior initially manifested during the developmental period (before age 22)." 20 C.F.R. Part 404, Subpt. P, App. 1, § 12.05.

Accordingly, we vacate the order of the district court and remand for further proceedings consistent with this opinion.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

VACATED AND REMANDED

_____

*We express no opinion as to the merits of Phillips' case.