**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RUTH E. HART,
Plaintiff-Appellant,

v.

No. 98-2350

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of North Carolina, at Rockingham.
James A. Beaty, Jr., District Judge.
(CA-97-122-3)

Submitted: February 23, 1999

Decided: June 7, 1999

Before ERVIN, NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John F. Eichorn, Rockingham, North Carolina, for Appellant. Frank
W. Hunger, Assistant Attorney General, Walter C. Holton, Jr., United
States Attorney, Gill P. Beck, Assistant United States Attorney, Mary
Ann Sloan, Chief Counsel, Region IV, Dennis R. Williams, Deputy
Chief Counsel, Ronald Lamar Paxton, Assistant Regional Counsel,
John C. Stoner, Assistant Regional Counsel, Office of the General
Counsel, SOCIAL SECURITY ADMINISTRATION, Atlanta, Geor-
gia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ruth E. Hart appeals the district court's order and judgment adopting the recommendation of the magistrate judge, granting summary judgment to the Commissioner, denying Hart's motion for summary judgment, and affirming the Commissioner's decision denying Hart's application for disability insurance benefits. This appeal concerns the effect of new evidence submitted to the Appeals Council. Hart contends that a review of the record as a whole, including the new evidence, establishes that the Commissioner's final decision is not supported by substantial evidence. Finding no reversible error, we affirm.

Hart was born in July 1946 and has a high school education. She formerly worked in a drapery factory as a quality control inspector, charge back worker, and sewing machine operator. She stopped working in November 1993. The relevant period for Hart's application for disability benefits spans from the alleged onset of disability, on November 8, 1993, to the date of the administrative law judge's ("ALJ") decision, February 21, 1996. Hart alleged she was disabled due to carpal tunnel syndrome and residual effects from ulnar and medial nerve surgery on both elbows.

The evidence before the ALJ established the following. In November 1993, Hart had surgery for carpal tunnel syndrome. The residual effects after surgery included limits on her ability to lift and carry objects. Specifically, Hart reported pain in her right shoulder and she lost some grip strength in her right wrist. Otherwise, she had a full range of motion in both shoulders.

Because of her persistent complaints of pain, Hart was referred to Dr. Austin, a rheumatologist. Austin concluded that the pain was due to systemic lupus erythematosus and related synovitis.* According to

_____

*Lupus erythematosus is an illness causing skin lesions. See STEDMAN'S MEDICAL DICTIONARY 1000 (26th ed. 1995). Synovitis is an inflammation

2

Austin, Hart reported that she experienced numbness in her hands and pain in her right shoulder. Austin observed full range of motion in her right shoulder and a slight loss of range of motion in her left shoulder. Hart had a slight loss of range of motion in her knees with some pain. Austin treated her with injections of pain medication.

At the hearing, Hart testified that whenever she used her hands, such as for driving or writing letters, her hands would swell and her fingers would cramp. She also complained of constant pain in her arms, shoulders, and knees. The pain in her knees occurred when she was in motion, such as climbing a set of stairs. At times, Hart claimed, her left arm would feel limp and numb. She also had problems reaching overhead with her right arm. Hart stated that medication controlled the pain and moving her arm helped relieve the numbness. Hart also claimed that she could only stand for a half an hour or sit for an hour before she began to feel pain. She also claimed that she could not lift more than fifteen pounds.

Hart admitted that she could bend down to pick objects up off the floor and could walk a block. She stated that she did all the housework at home, but had trouble making the beds, sweeping the floor, standing at the sink washing dishes, or carrying full bags of groceries.

The ALJ applied the sequential five step analysis found at 20 C.F.R. § 404.1520 (1998). The ALJ found that Hart: (1) had not engaged in substantial gainful employment since the onset of her alleged disability; (2) had a severe impairment; (3) did not have an impairment that meets or equals medical criteria warranting a finding of disability without considering vocational factors; (4) but did have an impairment which prevented her from performing her past relevant work because of her limitations with regard to lifting; and (5) had the full residual functional capacity to perform the full range of sedentary work.

The ALJ concluded that Hart had the residual functional capacity to perform the physical exertion requirements of work except for lifting and carrying more than ten pounds on an occasional basis or

_____

of a synovial membrane, usually that of a joint. See id. at 1746.

standing and walking more than two hours in an eight hour day. The ALJ also concluded that there were no non-exertional limitations. The ALJ found that Hart's testimony regarding her pain was credible, but that the pain was not so disabling that it prevented her from engaging in work activities. Because the ALJ found that Hart did not have any non-exertional limitations, he used the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpt. P, App. 2 (1998) ("grids") to determine that Hart was not disabled. The decision denying benefits was issued on February 21, 1996.

Hart requested review by the Appeals Council. She submitted two additional treatment notes from Austin. The notes referred to examinations conducted on April 3, 1996, and May 15, 1996.

On April 3, 1996, Hart saw Austin on an emergency visit due to "dramatically worsening pain in both wrists and knees." (Administrative Record ("AR") at 186). He diagnosed degenerative bone disease at the patellofemoral joint of both knees as a cause of the knee pain. Previously, the pain had been attributed to the lupus. He observed "dramatic effusion and clear excessive heat in both knees, along with subpatella crepitance." Austin found that the synovitis had "settled down fairly well, but incompletely." (Id.) He concluded that Hart's pain in her knees was related to either the lupus or advanced degenerative arthritis. Austin also found that Hart's hips were fully mobile, her ankles were not inflamed, she had intact wrists with motion loss that was not marked and no sign of degenerative bone disease, the elbows fully extended, the shoulders were fully mobile, and she developed a forearm rash with little activity. Austin injected Hart's knees with a pain reliever. He opined that if the pain in the knees did not subside, Hart would have to have a surgical consultation. Austin also opined that Hart was "totally disabled for gainful employment due to a multitude of factors." (AR at 187).

Hart returned to Austin on May 15, 1996. The pain in her knees reappeared one week after her previous visit, leading Austin to conclude that the pain was caused by the degenerative disease. According to Austin, the pain occurs when Hart gets up from a seated position or "walks around for awhile." (AR at 188). He also found that Hart's knees "are improved and not symptomatic." (Id.) After a physical examination, he found that Hart had weak grip strength, no sign of

4

synovitis in her wrists, the elbows fully extended, the shoulders and hips were fully mobile, and she had "a marked crepitance in the sub-patella area of each knee, with a small effusion but no excessive heat." (Id.) Austin concluded that Hart's hand cramping was an ongoing symptom that would not improve, and that her knees were not symptomatic enough to warrant knee surgery at that time, but would require it in the future. He again opined that Hart was totally disabled for gainful employment.

The Appeals Council considered the new evidence consisting of Austin's notes and concluded that the new evidence did not provide a basis for changing the ALJ's decision. Accordingly, the Appeals Council denied Hart's request for review.

In the district court, the magistrate judge concluded that the only aspect of Austin's reports that could be considered new evidence was the diagnosis of degenerative arthritis. According to the magistrate judge, the manifestation of this illness as recorded by Austin did not provide a basis for changing the ALJ's decision. Furthermore, the magistrate judge found that Austin's opinion that Hart was totally disabled was not of special significance, specifically because Austin did not explain how Hart's impairments imposed functional limitations on her ability to do work-related activities. The district court reviewed Hart's objections de novo and adopted the magistrate judge's recommendation to grant summary judgment to the Commissioner, deny summary judgment to Hart, and dismiss the action.

Hart concedes that the ALJ's decision is supported by substantial evidence when considering only the evidence before the ALJ. Hart argues, however, that a review of the record as a whole, including the new evidence, establishes that the denial of benefits was not supported by substantial evidence. She contends that the new evidence consists of the diagnosis of degenerative bone disease, the condition of her hands and wrists, and Austin's opinion of her disability.

This court must determine whether the Commissioner's findings are supported by substantial evidence, see Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and whether the correct legal standards were applied. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is that evidence which "`a reasonable

5

mind might accept as adequate to support a conclusion.'" <u>Perales</u>, 402 U.S. at 401 (quoting <u>Consolidated Edison Co. v. NLRB</u>, 306 U.S. 292, 300 (1939)). When the record includes new evidence, as in the instant case, our review is of the whole record, including the new evidence, in order to determine whether substantial evidence supports the Commissioner's findings. <u>See Wilkins v. Secretary, Dep't of Health & Human Servs.</u>, 953 F.2d 93, 96 (4th Cir. 1991).

Pursuant to 20 C.F.R. § 404.970(b) (1998), the Appeals Council shall consider evidence submitted with a request for review if the evidence is new, material, and "relates to the period on or before the date of the [ALJ's] hearing decision." The Appeals Council must then evaluate the entire record including the new and material evidence and determine whether the ALJ's findings are contrary to the weight of the evidence.

The evidence submitted to the Appeals Council consisted of both new and cumulative evidence and an assessment of Hart's condition that did not relate to her condition during the period before the ALJ's decision. Austin's notes consisted of a restatement of symptoms contained in reports submitted to the ALJ, a description of worsening symptoms, an illness not previously diagnosed but possibly present prior to the ALJ's decision, and, for the first time, an opinion that Hart was totally disabled.

Substantial evidence supports the ALJ's findings even if we consider the new diagnosis of degenerative bone disease in the knees as a source of Hart's problems with her knees. Despite the new diagnosis, the symptoms remained the same. Hart had nearly full range of motion in her knees, albeit with limits on walking and standing for a significant length of time. The ALJ considered this evidence when determining that Hart could perform sedentary work that did not require her to stand or walk for more than two hours in an eight hour day. Even with a different diagnosis, there was adequate evidence supporting the ALJ's findings.

Hart also contends that if the ALJ had Austin's notes, he would have found that Hart had arthritis of a major weight-bearing joint, a listed impairment sufficient to warrant finding her disabled. <u>See</u> 20 C.F.R. pt. 404, Subpt. P, App. 1, § 1.03 (1998). This issue was not

6

raised before the magistrate judge below and thus, is not properly before this court. See Bregman, Berbert & Schwartz, L.L.C. v. United States, 145 F.3d 664, 670 n.8 (4th Cir. 1998) (declining to consider alternative argument because it was not raised below and appellant failed to show an exceptional circumstance that prevented it from so doing).

Furthermore, Hart does not properly support this contention because the record does not include the necessary X-ray evidence showing "either significant joint space narrowing or significant bony destruction." 20 C.F.R. pt. 404, Subpt. P, App. 1, § 1.03(A).

Hart contends that Austin's notes also included new evidence regarding her wrists and hands. Austin's findings regarding Hart's wrists and hands were, for the most part, cumulative. The symptoms were reported previously by Austin and others. The ALJ considered these reports and Hart's own complaints of numbness and cramping. Austin's new notes described a progressively worsening situation with regard to Hart's grip strength in her wrists. No note was made of grip strength in Austin's reports filed prior to the ALJ's decision. The ALJ did, however, review the objective medical evidence that was in the record concerning Hart's grip strength and concluded that it did not prevent Hart from performing sedentary work. (AR at 15, 136). Austin's findings about Hart's grip strength do not relate back to the period prior to the ALJ's decision. Since the evidence concerning Hart's wrists and hands was either cumulative or not relevant to the period prior to the ALJ's decision, it should not be considered new evidence. See 20 C.F.R. § 404.970(b).

Hart also contends that because Austin's notes submitted to the Appeals Council describe a non-exertional limitation with regard to her ability to manipulate objects due to the decrease in grip strength, the ALJ erred in using the grids to determine that Hart was not disabled. However, because this evidence does not relate back, it is not relevant to the ALJ's decision to use the grids. See id.

As for Austin's opinion that Hart was totally disabled, there is no evidence that this opinion relates back to the period of time prior to the ALJ's decision. See id. A physician's opinion regarding a claimant's disability must be either supported by clinical evidence or con-

7

sistent with other substantial evidence, otherwise it is accorded significantly less weight. See Craig v. Chater , 76 F.3d 585, 590 (4th Cir. 1996). The evidence for the relevant period of time does not support Austin's conclusion. Furthermore, Hart's own testimony refutes a finding of total disability. The ALJ properly concluded that, based on Hart's own description of the extent of her limitations with regard to standing, sitting and walking, she was able to perform sedentary work.

We affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED