**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FRED L. SALLING,
Plaintiff-Appellant,

v.

No. 99-1772

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
James P. Jones, District Judge.
(CA-98-109-2-B)

Submitted: October 29, 1999

Decided: November 15, 1999

Before HAMILTON, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Terry G. Kilgore, Gate City, Virginia, for Appellant. James A. Winn,
Chief Counsel, Region III, Patricia M. Smith, Deputy Chief Counsel,
David F. Chermol, Assistant Regional Counsel, Office of the General
Counsel, SOCIAL SECURITY ADMINISTRATION; Robert P.
Crouch, Jr., United States Attorney, Julie C. Dudley, Assistant United
States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Fred L. Salling appeals the decision of the district court granting summary judgment to the Commissioner of Social Security, and upholding the denial of Salling's claim for a period of disability and application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C.A. §§ 401-433 (West Supp. 1999) (the "Act"). Salling applied for benefits on February 5, 1996, alleging disability since December 20, 1995, and received a hearing before an administrative law judge ("ALJ"). By decision dated May 20, 1997, the ALJ found that Salling was not disabled within the meaning of the Act. Specifically, the ALJ found that Salling has residual functional capacity to perform light work, as defined in the applicable regulations.

Salling filed a request for review of the hearing decision on May 30, 1997, and subsequently submitted additional evidence on his behalf. Specifically, Salling's attorney submitted a letter dated September 29, 1997, to which he attached a letter from Salling's treating physician, Dr. Winegar, dated September 18, 1997. In his letter, Dr. Winegar identified Salling's history of low back pain due to degenerative disc disease and spinal stenosis. Dr. Winegar noted that Salling had suffered a "recent flare up" which necessitated medical attention and resulted in Salling being "very limited as far as work activity," but he failed to specify a more exact date either for the flare-up or the medical attention. He noted that Salling could be expected to have continued flare-ups of back pain with minimal activity. He opined that Salling was "totally disabled due to the condition of his back after surgery" because more intermittent "flare-ups" of his back condition were "anticipated."

The Social Security Administration's Appeals Council denied review, finding that the additional evidence Salling submitted was not

2

material to the question of disability covered by the ALJ's decision because it failed to date back to before the date of the ALJ's decision. Consequently, the ALJ's opinion constitutes the final decision of the Commissioner.

Salling filed a complaint in the district court, claiming that the Appeals Council erred in failing to adequately consider the additional medical evidence presented to it following the ALJ's hearing decision. Salling also filed in the district court a letter, stating that "the Commissioner's decision is not supported by substantial evidence or . . . should be reversed and the case remanded." In the letter, Salling challenged the ALJ's decision based solely on the extra-record evidence he attached to his letter, the same evidence he submitted to the Appeals Council when he sought review. In response, the Commissioner filed a motion for summary judgment asking that the district court affirm the ALJ's decision and deny Salling's request for a remand.

After reviewing the additional evidence Salling submitted, the district court found that the Commissioner's decision was supported by substantial evidence, and that plaintiff's counsel's letter of September 29, 1997, merely summarized the attached opinion of Dr. Winegar and its purported relevance to Salling's case. It also found that a plain reading of Dr. Winegar's letter demonstrated that it lacks the time reference to properly date back to before the ALJ's decision, because Dr. Winegar provides no date for the "recent" flare-up nor for Salling's visit to his physician. Also, the district court determined that in light of the September 18, 1997, date of the letter, a"recent" occurrence of back pain cannot plausibly be read to date back to May 20, 1997, or before.

In his appeal before this court, Salling claims only that the Commissioner's decision regarding his effective date of disability as June 20, 1998, is not supported by substantial evidence in light of the September 18, 1997, medical opinion of his treating physician, Dr. Winegar. Stated differently, Salling does not challenge the Commissioner's decision in and of itself, but rather takes issue with the decisions of the Appeals Council and the district court that the additional evidence Salling submitted on review was not material to his case.

Title 42 of the United States Code provides that a district court "may at any time order additional evidence to be taken before the Commissioner of Social Security" where there has been a showing that there is "new evidence," which is material and that there exists good cause for the party's failure to incorporate the evidence into the record in a prior proceeding. See 42 U.S.C.A. § 405(g) (West Supp. 1999). The additional evidence must be new, material, and relate to the period on or before the date of the ALJ's decision. See Wilkins v. Secretary, Dep't of Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991) (en banc). "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Id. at 96 (citation omitted).

In this case, the relevant time period is from December 20, 1995, Salling's alleged disability onset date, to the ALJ's decision date, May 20, 1997. We find that the district court properly held that, because the evidence contained in Dr. Winegar's letter of September 18, 1997, did not relate to the period on or before the date of the ALJ's hearing decision, it cannot change the outcome in this case, and thus is not material. Id. at 95-96. Accordingly, because Dr. Winegar's September 18, 1997, letter does not constitute material new evidence, no remand was warranted. See 42 U.S.C.A.§ 405(g); Wilkins, 953 F.2d at 95-96.

Because Salling has not otherwise challenged the ALJ's decision as being unsupported by substantial evidence either before the Appeals Council, the district court, or in his brief in this court, we affirm, on the reasoning of the district court, its decision that the Commissioner's decision is supported by substantial evidence, and that the correct law was applied. See 42 U.S.C.A. § 405(g); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

4