**Foy H. DANIELS, Plaintiff,**

v.

**Michael ASTRUE, Commissioner of Social Security, Defendant.**

**No. 5:06–CV–320–BO.**

United States District Court,
E.D. North Carolina,
Western Division.

June 27, 2008.

---

Robert E. Fuller, Jr., Robert E. Fuller, Jr., Attorney at Law, Goldsboro, NC, for Plaintiff.

Charlene P. Bellinger–Honig, Social Security Administration, Baltimore, MD, for Defendant.

## ORDER

TERRENCE W. BOYLE, District Judge.

This matter is before the court on Defendant's Motion to Alter or Amend Judgment. For the reasons discussed below, Defendant's Motion is DENIED.

## BACKGROUND

Plaintiff applied for benefits on May 19, 2003. His application was denied both initially and on reconsideration. Plaintiff timely sought and received a hearing before an Administrative law Judge ("ALJ") who denied benefits in a written decision after the hearing. The Appeals Council denied review on June 11, 2006, making the ALJ's decision final for administrative purposes. Plaintiff then appealed the ALJ's decision to this court, the issues were briefed by both parties, and a hearing was held on July 3, 2007. This court entered a written order on August 21, 2007, granting Plaintiff's Motion for Judgment on the Pleadings and awarding benefits to Plaintiff as of October 30, 2005. Judgment was entered accordingly. Defendant then filed a timely Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e). Plaintiff has failed to respond to the motion, and, as the time in which to respond has expired, Defendant's Motion is ripe for ruling.

## ANALYSIS

Defendant contends that this court erred in awarding benefits to Plaintiff and argues that the appropriate course of action is to remand this action to the Commissioner for further proceedings. Defendant notes that, as in *Wilkins v. Secretary of HHS*, 953 F.2d 93 (4th Cir.1991) (en banc), the Appeals Council in this case incorporated new evidence into the record that was not before the ALJ. This court relied on this new evidence, two letters from Plaintiff's treating physician, Dr. Newell, in finding that the decision below was not supported by substantial evidence. Defendant argues that the *Wilkins* court "rather than reverse for payment of benefits, ... remanded the case for further proceedings, for the ALJ to consider the

new evidence in the first instance." Def. brief at 6.

The *Wilkins* court specifically addressed whether a district court is required to remand a case for rehearing when presented with evidence that was incorporated into the record by the Appeals Council but was not before the ALJ. "[T]he panel addressed whether the district court erred in not remanding Wilkins' claim to the ALJ for reconsideration in light of Dr. Liu's letter. Because this evidence has already been made part of the record, a remand for this purpose was unnecessary. See 42 U.S.C.A. § 405(g)." *Wilkins*, 953 F.2d at 96, n. 4. The *Wilkins* court went on to hold "... we conclude that the ALJ's finding ... is not supported by substantial evidence. Accordingly, we reverse the Secretary's denial of DIB and remand for further proceedings." *Id.* at 96. Although the opinion remands the case for further proceedings, the courts of this circuit have followed *Wilkins* as a reversal of the Commissioner's decision without a remand for rehearing. *See Pieron v. Astrue,* No. 5:06CV00040, 2007 WL 2029328, at *3, 2007 U.S. Dist. LEXIS 50135, at *9 (W.D.Va.2007) (explaining that the *Wilkins* court "reversed the Commissioner without requiring additional administrative proceedings."); *Alexander v. Apfel,* 14 F.Supp.2d 839, 844 (W.D.Va.1998) ("Upon its own consideration of the "interim" evidence, the Fourth Circuit found that the record clearly supported Wilkins' application for benefits. Accordingly, the Fourth Circuit reversed the Commissioner without requiring additional administrative proceedings.").

A district court has the power to affirm or reverse the decision of the Commissioner of Social Security, with or without remanding for a new hearing. 42 U.S.C. § 405(g). The Fourth Circuit has held that when the Appeals Council has specifically incorporated evidence not before an ALJ into the record but has denied review, the district court must consider such evidence in reviewing the record as a whole to determine whether the decision of the Commissioner was supported by substantial evidence. *Wilkins*, 953 F.2d at 96. In this case, the Appeals Council specifically incorporated Dr. Newell's letters into the record in its denial of review. Tr. at 8, 11. Therefore, Dr. Newell's letters are properly before this court and must be considered in a determination of whether the Commissioner's decision was supported by substantial evidence. As this court's reversal of the Commissioner's decision was based on the record as a whole, a remand to the Commissioner for further proceedings is unnecessary.[1]

Accordingly, Defendant's Motion to Alter or Amend Judgment is DENIED.

---

**1.** "Because this evidence has already been made part of the record, a remand for this purpose [is] unnecessary." *Wilkins*, 953 F.2d at 96, n. 4.