**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-2249**

───────────

MARGIE CROSBY BENTON,

        Plaintiff - Appellant,

    v.

MICHAEL J. ASTRUE, Commissioner of the Social Security
Administration,

        Defendant - Appellee.

───────────

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.  Henry F. Floyd, District Judge.
(0:09-cv-00892-HFF)

───────────

Submitted:  August 25, 2011      Decided:  September 8, 2011

───────────

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Robertson H. Wendt, Jr., LAW OFFICE OF ROBERTSON WENDT, North
Charleston, South Carolina, for Appellant.  William N. Nettles,
United States Attorney, Barbara M. Bowens, Assistant United
States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia,
South Carolina; Nadia N. Sullivan, Special Assistant United
States Attorney, John Jay Lee, Regional Chief Counsel, SOCIAL
SECURITY ADMINISTRATION, Denver, Colorado, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Margie Crosby Benton appeals the district court's order adopting the recommendation of the magistrate judge and affirming the Commissioner's decision to deny Benton a period of disability insurance and supplemental security income benefits. We must uphold the Commissioner's decision to deny benefits if the decision is supported by substantial evidence and the correct legal standard was applied. See 42 U.S.C. § 405(g) (2006); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). After thoroughly reviewing the record, we affirm.

We note that the parties strongly disputed whether the Appeals Council's denial of Benton's request for review constituted part of the Commissioner's "final decision" subject to judicial review. We do not find resolution of that issue necessary to our decision in this case. Either way, Benton has failed to demonstrate that the Commissioner's decision is subject to reversal.

While "[c]ourts often accord greater weight to the testimony of a treating physician," Johnson, 434 F.3d at 654 (internal quotation marks omitted), "significantly less weight" is due "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). The treating physician's opinion as to Benton's residual

2

functional capacity is not supported by any other notes of the treating physician. The record does not disclose the frequency, number, or nature of the treating physician's examinations. All we have is a start date, an end date, and the physician's conclusion. And, unlike in <u>Wilkins v. Secretary</u>, 953 F.2d 93, 96 (4th Cir. 1991), the treating physician's opinion conflicted with the opinions of two non-treating physicians. Contrary to Benton's assertions, we do not find that her treating physician's opinion demands controlling weight.

Having found no merit in Benton's other grounds for appeal, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3