996 F.2d 1220
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dale L. WILKERSON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-2469.
 United States Court of Appeals, Seventh Circuit.
 Argued June 16, 1993.
Decided June 24, 1993.
 
 Appeal from the United States District Court for the Southern District of Indiana, New Albany Division, No. NA 91-12-C, James E. Noland, Judge.
 
 ORDER
 
 1
 The Secretary of Health and Human Services ("Secretary") found that plaintiff Dale L. Wilkerson was disabled for only one year. Wilkerson appeals, contending that his heart condition is a permanent disability which has not medically improved sufficiently for him to return to work.
 
 I.
 
 2
 Plaintiff, now 47 years old, completed eighth grade. He had worked as a lumberjack, in sawmills, and in an automobile junkyard, always performing physically demanding work. In January 1989, Dr. Girardet, a cardiologist, performed double coronary artery bypass surgery on plaintiff, after diagnosing coronary artery disease and recurrent angina.
 
 
 3
 In March 1989, Dr. Girardet released plaintiff to the care of his internist, Dr. Waldo. Dr. Girardet wrote in a report that within another month, plaintiff should be able to perform work that was less strenuous than his previous jobs; that his recovery seemed excellent; and that he should return to a full active life.
 
 
 4
 An August 8, 1989 stress test revealed that plaintiff could exercise for 7 1/2 minutes and achieve 10.1 metabolic equivalent units (METs). In September 1989, Dr. Waldo opined that plaintiff could sit for an unlimited period; reach, handle and feel at will; lift a maximum of ten pounds; but should lift "very little" occasionally and walk only a few steps at a time. Dr. Waldo noted that plaintiff still experienced some chest pain with pulling or stretching. On November 27, 1989, Dr. Waldo noted that the chest pain occurred only with lifting.
 
 
 5
 In late 1989, Dr. Marciniak and Dr. Berker reviewed the record for the SSA and opined that plaintiff could perform medium work with no exposure to temperature extremes.
 
 
 6
 On February 5, 1990, Dr. Waldo noted that plaintiff had less chest pain and used less nitroglycerin. On February 20, 1990, Dr. Waldo wrote that plaintiff could perform activities "limited to the point that chest pain occurs."
 
 
 7
 At the April 1990 hearing, plaintiff testified that he used nitroglycerin three times a day when he experienced acute chest pain. His right ankle became swollen if he did not keep it elevated while seated. Plaintiff testified that he believed that sedentary work was unavailable.
 
 
 8
 On April 27, 1990, the ALJ rendered his decision. The ALJ found that plaintiff was disabled for a closed period from January 13, 1989 until February 20, 1990. The ALJ went on to conclude that the claimant had regained the residual functional capacity to perform the full range of sedentary work as of February 20, 1990, and that he was no longer disabled as of that date.
 
 
 9
 On August 17, 1990, plaintiff submitted additional evidence to the ALJ, including an August 13, 1990 letter from Dr. Waldo, 19 pages of medical records and evidence of a June 1990 treadmill test. In the treadmill test, plaintiff exercised for nine minutes to 10.1 METs. He reached 70% of his target heart rate, and his exercise tolerance was noted as "fair." Nevertheless, Dr. Waldo wrote that it was his "opinion that [plaintiff] is not a candidate for gainful employment" because he had "shown very little improvement following his bypass surgery."
 
 
 10
 On December 17, 1990, the ALJ wrote to plaintiff, noting that the additional evidence had been reviewed, but found to be not "material," and that there was no "good cause" for reopening the decision. The ALJ noted further that plaintiff had sent the additional evidence to the Appeals Council, and that the ALJ's refusal to reopen the case "will have no effect on your previously filed request for review by the Appeals Council." The Appeals Council subsequently denied plaintiff's request for review. Plaintiff then sought judicial review of the Secretary's final decision. In June 1992, the district court affirmed the Secretary's decision, and entered summary judgment in favor of defendant.
 
 II.
 
 11
 Plaintiff relies most heavily upon the "new evidence" in Dr. Waldo's August 1990 letter. Defendant responds that the court cannot consider Dr. Waldo's letter because it is evidence submitted after the ALJ released his decision.
 
 
 12
 A plaintiff is permitted to submit new evidence to the Appeals Council provided that it is new and material, and there is good cause for the delayed submission. 20 C.F.R. §§ 404.970(b), 416.1470(b); Damato v. Sullivan, 945 F.2d 982 (7th Cir.1991). Where the Council denies the application for review, the ALJ's decision becomes the final decision of the Secretary, and it is that decision which is then judicially reviewable. Califano v. Sanders, 430 U.S. 99 (1977); Damato, 945 F.2d at 988. Thus, the new evidence may only be considered on appeal to determine whether the Secretary properly found the evidence was not new, not material to the disability determination, or that the claimant failed to show good cause for failing to incorporate such evidence in the prior proceedings before the ALJ. The court can not review the new evidence in deciding whether the decision denying benefits was supported by the record as a whole. Eads v. Secretary of the Dept. of Health and Human Services, 983 F.2d 815, 817 (7th Cir.1993). We can not "mak[e] the decision on benefits ourselves, as [claimant] in effect invites us to do." Eads, 983 F.2d at 818. See also Micus v. Bowen, 979 F.2d 602, 606 n. 1 (7th Cir.1992); Casey v. Secretary, 987 F.2d 1230 (6th Cir.1993); Wyatt v. Secretary, 974 F.2d 680, 685 (6th Cir.1992).[1]
 
 
 13
 Plaintiff points to Nelson v. Bowen, 855 F.2d 503, 506-08 (7th Cir.1988), and Scivally v. Sullivan, 966 F.2d 1070 (7th Cir.1992), where this court considered additional evidence submitted to the Appeals Council and reversed. However, those cases involved mistakes of law, where the court on appeal made a limited review regarding the Appeals Council's finding that the newly submitted evidence was not material to the disability determination. See Eads, 983 F.2d at 817-18 (distinguishing Nelson and Scivally on this basis).
 
 
 14
 In making this limited inquiry,[2] we find the new evidence was not material[3], and that plaintiff failed to show good cause for not submitting the evidence during the hearing before the ALJ. The letter from Dr. Waldo was not material because it could not have changed the outcome. As discussed below, the opinion was supported only by a June 1990 treadmill test, and that test actually showed an improvement, which seriously undermined Dr. Waldo's assertion that plaintiff had "shown very little improvement following his bypass surgery." Moreover, plaintiff failed to offer a satisfactory explanation why the opinion of Dr. Waldo, which plaintiff rests his entire appeal upon, was not submitted to the ALJ at the time of the hearing. Thus, we will not consider Dr. Waldo's August 13, 1990 letter or accompanying records in determining whether the ALJ's denial of benefits is supported by substantial evidence.
 
 
 15
 Plaintiff urges that under 42 U.S.C. § 405(g), this court may remand and order that additional evidence be taken before the Secretary. However, the remand is only possible where the new evidence is material, and there is good cause for failing to introduce the evidence at the prior proceedings. Kapusta v. Sullivan, 900 F.2d 94, 97 (7th Cir.1989); Anderson v. Bowen, 868 F.2d 921, 927-28 (7th Cir.1989). As stated above, plaintiff has not met this standard.
 
 III.
 
 16
 Wilkerson contends that the district court's decision is not supported by substantial evidence. The Secretary's legal determinations are reviewed de novo, and factual findings are upheld if supported by substantial evidence. Burnett v. Bowen, 830 F.2d 731 (7th Cir.1987). Substantial evidence is relevant evidence which a reasonable mind might accept as adequate to support the conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 
 17
 Plaintiff maintains that there is a presumption of continuing disability in termination cases. Such a presumption no longer exists. 42 U.S.C. § 423(f), 1382c(a)(4); Soper v. Heckler, 754 F.2d 222, 224 n. 1 (7th Cir.1985).[4] The ALJ found plaintiff's disability had ceased, and that medical improvement had occurred. Any improvement in the claimant's impairment constitutes medical improvement. 42 U.S.C. §§ 423(f), 1382c(1)(4); 20 C.F.R. §§ 404.1594(c)(1), 416.994(b)(2)(i) (1991).
 
 
 18
 The ALJ's decision that plaintiff was no longer disabled and was able to perform sedentary work after February 20, 1990 is supported by substantial evidence. When plaintiff's condition began in January 1989, he was hospitalized for unstable angina pectoris and severe coronary artery occlusions. The bypass operation was successful, and the cardiologist found that plaintiff had made an excellent recovery.
 
 
 19
 Two months after the January 1989 surgery, the cardiologist released plaintiff to the care of his internist, Dr. Waldo, and reported that plaintiff should be able to perform work less strenuous than his previous jobs, but that he could return to a full active life. By September 1989, Dr. Waldo found that plaintiff could sit for an unlimited period. In November 1989, Dr. Waldo recorded that the chest pain occurred only with lifting. By February 5, 1990, Dr. Waldo noted that plaintiff experienced less chest pain and used less medication. On February 20, 1990, Dr. Waldo wrote that plaintiff could perform activities "limited to the point that chest pain occurs."
 
 
 20
 Plaintiff himself testified that he walked 1 1/2 miles a day at Dr. Waldo's direction. While he could no longer perform heavy physical labor, plaintiff could perform sedentary work. Plaintiff also testified that his right ankle became swollen when he sat. However, that was not supported by Dr. Waldo's medical records, and the ALJ found the complaint not credible. Plaintiff reported using less medication and feeling less chest pain. His treatment interval was increased, and no further hospitalizations or treatment by a cardiologist were necessary. Dr. Marciniak and Dr. Berker both opined that plaintiff could perform medium work, with some limitations, thereby offering further support for the ALJ's decision.
 
 
 21
 Plaintiff argues that the opinion of his treating physician merits substantial weight because it was supported by documentation of continuing problems with chest pain and ankle swelling. As discussed already, plaintiff's "continuing problems" were not established in the record before the ALJ. Plaintiff also objects to the ALJ's focus on the treadmill results. The ALJ's lengthy, detailed opinion clearly considered more than the treadmill results.
 
 
 22
 Finally, plaintiff argues that the ALJ should not have used the grids because there was significant non-exertional limitations, and because pain was present as a significant limiting factor. Plaintiff points to non-exertional limitations "including pain and the lack of a valid driver's license." Pain is considered a symptom, not an impairment. 42 U.S.C. §§ 423(d)(5)(A), 1382c(a)(3)(G); 20 C.F.R. §§ 404.1529, 416.929 (1991). Moreover, the ALJ limited plaintiff to sedentary work, and nothing in the records indicates that he experienced any non-exertional limitations. Dr. Waldo noted that the chest pain occurred only with lifting, and recommended that plaintiff exertion be "limited to the point that chest pain occurs." In addition, under the facts here, the driver's license has no relevance to plaintiff's ability to perform sedentary work.
 
 IV.
 
 23
 For the reasons stated, the order of the district court is AFFIRMED.
 
 
 
 [1]
 Contra Wilkins v. Secretary, 953 F.2d 93, 96 (4th Cir.1991) (en banc); Browning v. Sullivan, 958 F.2d 817, 823 (8th Cir.1992); Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir.1992) (permitting court on review to consider new evidence in determining propriety of ALJ's benefits decision)
 
 
 [2]
 The Appeal Council's determination that the additional evidence is not material is a legal determination subject to de novo review. Nelson v. Bowen, 855 F.2d 503, 506 (7th Cir.1988), citing Booz v. Secretary of Health and Human Services, 734 F.2d 1378, 1380 (9th Cir.1984)
 
 
 [3]
 Evidence is "material" if there is a "reasonable possibility" that it would change the outcome. Nelson v. Bowen, 855 F.2d 503, 506 (7th Cir.1988); Godsey v. Bowen, 832 F.2d 443, 444 (7th Cir.1987)
 
 
 [4]
 Defendant asks that the court overrule Meredith v. Bowen, 833 F.2d 650 (7th Cir.1987), on the basis that it incorrectly states in dictum that the Secretary "may" bear the burden of proof in termination cases. The language which defendant cites in Meredith is dicta and states that it "may be true" that a presumption of continuing disability exists in certain cases. Meredith, 833 F.2d at 655. Our opinion in Soper, and the statute itself makes it clear that no presumption exists