**Philip A. MULLIN,[1]**

v.

**Kenneth APFEL, Commissioner of Social Security.**

No. 98–4671.

United States District Court, E.D. Pennsylvania.

Jan. 7, 2000.

---

1. The case was filed as "Philip A. Mullin," but the record below states that petitioner's name is "Philip M. Mullin."

## MEMORANDUM

LUDWIG, District Judge.

Petitioner Philip M. Mullin appeals the Commissioner's denial of disability insurance benefits. 42 U.S.C. §§ 401 433. Jurisdiction is 42 U.S.C. § 405(g). Both parties cross-moved for summary judgment. The Magistrate Judge submitted a Report and Recommendation and a supplemental Report and Recommendation that would deny summary judgment and remand for further proceedings. This recommendation will not be adopted, and instead defendant's motion will be granted. There appears to be substantial evidence to support the findings of the Administrative Law Judge.

On August 2, 1994, petitioner filed for disability insurance benefits, which, on November 2, 1994 and February 23, 1995, were denied, initially and on reconsideration. Rec. at 9. On December 19, 1996, at petitioner's request, the ALJ held a hearing, and thereafter wrote the report denying the claim: "The record was left open for the submission of additional medical evidence, but none has been offered or identified." *Id.*[2]

On September 22, 1997, petitioner filed a timely appeal stating, "I don't feel the judge is taking into consideration that my condition is as serious as it is and that it probably is going to be permanent and get worse." Rec. at 4. On July 14, 1998, the Appeals Council denied petitioner's request for review.[3]

Petitioner is a 46-year-old male, high school graduate with past relevant work experience as a carpet and furniture cleaner, among other unskilled occupations. Rec. at 54. In January 1992 or 1993, he was injured as a result of an automobile accident and experienced low back pain.

Shelly Farber, Medina, PA, for Plainitff.

William B. Reeser, Social Security Admin., Region III, Philadelphia, PA, David M. Frazier, Social Security Admin., Office of the General Counsel, Philadelphia, PA, for Defendant.

2. At the end of the hearing and after the ALJ made note of the "[paucity] of the medical information in the file," petitioner's counsel requested time to submit additional medical records. Rec. at 79. On March 12, 1997, the ALJ sent a notice asking if counsel still intended to submit such evidence. *Id.* at 168. The ALJ received no response and submitted his report on July 23, 1997. *Id.* at 13, 168.

3. The Appeals Council determined "there is no basis under the ... regulations for granting your request for review." Rec. at 2.

Rec. at 10. Petitioner continued to work as a carpet and furniture cleaner until July 31, 1993. *Id.* His back problems are the basis of his claim for benefits.[4] *Id.*

### The ALJ's Report

The ALJ made the following findings:

1. The claimant met the disability insured status requirements of the Act on July 31, 1993, the date the claimant stated he became unable to work, and continues to meet them through December 31, 1998.

2. The claimant has not engaged in substantial gainful activity since July 31, 1993.

3. The medical evidence establishes that the claimant has severe back problems and a nonsevere hypertension impairment, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

4. The claimant's allegations of pain, tingling, swelling, and limitation of function are not substantiated to the degree alleged and are thus not fully credible.

5. The claimant has the residual functional capacity to preform work related activities except for work involving lifting and carrying more than 20 pounds at a time or more than ten pounds frequently (20 C.F.R. 404.1545).

6. The claimant's past relevant work as a carpet cleaner did not require the performance of work related activities precluded by the above limitation(s) (20 C.F.R. 404.1565).

7. The claimant's impairments do not prevent the claimant from performing his past relevant work.

8. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 C.F.R. 404.1520(e)).

Rec. at 12–13.

The issue before the ALJ was whether the claimant was disabled since July 31, 1993. Rec. at 9. The ALJ's report contains an extensive discussion of the rationale for the decision, reviewing the entire record, including medical reports[5] and petitioner's testimony. According to the report, the medical evidence, giving petitioner "every benefit of the doubt," showed petitioner "has a severe back impairment which does not meet or equal in severity the requirements of Appendix 1." Rec. at 10. In evaluating the credibility of petitioner's testimony as to his condition against the medical reports in the record, the ALJ found "[t]he severity of the claimant's complaints [is] not supported by the objective medical evidence."[6] *Id.*

Specifically, the report reviewed petitioner's complaints "of severe hand an d foot symptoms," "right knee problems," and "constant buttock and leg pain with spasms as well as lower back pain." *Id.* at 10–11. It concluded that the record was inconsistent as to whether and when petitioner was taking pain medication for his condition. *Id.* at 11. The ALJ compared the assessments by Drs. Thakarar and Resnick—both of whom submitted evalua-

---

4. There is minimal discussion in the record of petitioner's hypertension, and the ALJ noted, "his hypertension is controlled and I find it to be nonsevere." Rec. at 10. In addition, hypertension was not mentioned in any of petitioner's subsequent papers.

5. Medical reports were received from Dr. Reina (treating physician following petitioner's automobile accident), rec. at 130–36, and Dr. Thakarar (consultative examiner), *id.* at 144–49, together with medical assessments without treatment notes or observations from Dr.

Silverman (internal medicine) and Dr. Maloles. *Id.* at 138–43. Dr. Resnick, an orthopedist, evaluated the petitioner for the Social Security Administration. *Id.* at 152–53.

6. The ALJ noted the absence of clinical notes or tests to substantiate the reports of Drs. Maloles and Silverman, the latter of whom determined that petitioner would be incapacitated for a year and six months. Rec. at 11. "Dr. Silverman, while a treating physician, has failed to support his conclusion of disability." *Id.*

tion notes [7]—and deemed Dr. Resnick's opinion of "no physical impairments of the back and lower extremities" more credible because Dr. Thakarar's assessment was not consistent with her own physical findings. *Id.*

According to the ALJ's report, petitioner "has the maximum sustained work capability for light work." [8] *Id.* at 12. The ALJ relied on the Dictionary of Occupational Titles for the proposition that "the unskilled job of carpet cleaner is light as usually performed by employers in the national economy." *Id.; see* Dictionary of Occupational Titles 689.687–066 (U.S. Dep't of Labor, 4th ed., rev'd 1991). The ALJ decided that petitioner was able to perform his past relevant work as a carpet cleaner and was not disabled. *Id.*

### Analysis

▇ The standard of review is whether there is substantial evidence in the record to support the ALJ's decision. *Plummer v. Apfel,* 186 F.3d 422, 427 (3d Cir.1999), *citing Adorno v. Shalala,* 40 F.3d 43, 46 (3d Cir.1994). Substantial evidence requires "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Plummer,* 186 F.3d at 427 (citations omit-ted). The ALJ's findings will not be set aside if supported by substantial evidence, "even if we would have decided the factual inquiry differently." *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir.1999).

A disability claimant "must demonstrate there is some 'medically determinable basis for an impairment that prevents him from engaging in any substantial gainful activity for a statutory twelve-month period.'" *Id., quoting Stunkard v. Secretary of Health and Human Services,* 841 F.2d 57, 59 (3d Cir.1988) *and* 42 U.S.C. § 423(d)(1). To make this determination, the Social Security Administration promulgated regulations setting forth a five-step sequential evaluative process.[9] *See Sullivan v. Zebley,* 493 U.S. 521, 525, 110 S.Ct. 885, 888–89, 107 L.Ed.2d 967 (1990); *Plummer,* 186 F.3d at 428; 20 C.F.R. § 404.1520.

Here, the ALJ made the sequential analysis that led to finding petitioner not disabled and able to perform past relevant work as a carpet cleaner. Petitioner objects that there "is sufficient evidence that the claimant suffers from severe back pain as a result of the disc herniations at L5–S1 and a chronic radiculopathy which results in his inability to perform any substantial gainful employment activity...." Pl.'s

---

**7.** The ALJ discounted Dr. Thakarar's report finding lumbosacral tenderness and limitation of motion of the back and a "physical functional assessment which limits the claimant to less than sedentary work." Rec. at 11. Dr. Thakarar's assessment—according to the ALJ—"is not supported by her own observations, diagnostic testing, or any other evidence in the record." *Id.*

**8.** Light work is defined by the Social Security Administration as work that "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job in this category requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

**9.** Step one—is the claimant engaged in substantial gainful activity? If Yes, a finding of not disabled is mandated. 20 C.F.R. § 404.1520(a), (b). Step two—does the medical evidence indicate that the claimant suffers from a severe impairment that significantly limits physical or mental ability to engage in basic work activity? If No, claimant is not disabled. 20 C.F.R. § 404.1520(c). Step three—does the impairment meet or equal criteria for a listed impairment in Appendix 1, Subpart P of Regulation No. 4? 20 C.F.R. § 404.1520(d). If Yes, claimant is disabled. Step four—does the claimant retain the residual functional capacity to perform past relevant work? 20 C.F.R. § 404.1520(e). If Yes, claimant is not disabled. · Step 5—considering the claimant's residual functional capacity, age, education, and past work experience, is the claimant capable of performing other work that exists in the national or regional economies? 20 C.F.R. § 404.1520(f). If No, the claimant is disabled.

mem. at 1.[10] Defendant counters that there may be evidence to "suggest an opposite result," but there is also sufficient evidence on the record to support the ALJ's finding. Def.'s mem. at 3–4.

The Magistrate's Report and Recommendation, as supplemented, takes the position that the record did not support the finding that the petitioner could do the work of a carpet cleaner despite the complaints of pain. Report and recommendation at 7.[11] In particular, the Magistrate Judge disagreed with the ALJ's analysis at step four—does claimant have the residual functional capacity to perform past relevant work?

Responsibility for evaluating a claimant's residual functional capacity[12] "rests with the Administrative Law Judge," and that finding is used "as the basis for determining the particular types of work [the claimant] may be able to do despite [the claimant's] impairments." 20 C.F.R. §§ 404.1545, 404.1546. Assessing residual functional capacity requires the ALJ to consider all the relevant evidence. 20 C.F.R. § 404.1545. This may include "descriptions . . . of limitations that go beyond the symptoms, such as pain, that are important in the diagnosis and treatment of [the] medical condition." *Id.* The ALJ considered petitioner's complaints of pain and discounted them as not credible because of the objective medical evidence in the record.[13]

■ A claimant bears the burden of showing an inability to return to past relevant work. *Plummer v. Apfel,* 186 F.3d at 428. In two places in the record, petitioner described the requirements of his past relevant work as a carpet and furniture cleaner—both gave the heaviest weight lifted as 100 pounds, while one said the weight frequently lifted was "up to 25 pounds" and the other, "over 50 pounds." Rec. at 99, 119. At the hearing, petitioner also testified that he "was doing heavy work" as a carpet and furniture cleaner. Rec. at 56.

10. Plaintiff's motion attaches two physician's reports that were not presented to the ALJ or the Appeals Council. The reports predate the hearing. Pl.'s mem. exs. A, B. The ALJ left the record open from December 1996 to July 1997 for additional medical evidence. Moreover, petitioner submitted no additional evidence to the Appeals Council. Evidence not adduced below cannot now be considered. Review must be limited to the certified record. *See Wilson v. Apfel,* 179 F.3d 1276, 1278–79 (11th Cir.1999); *Eads v. Secretary of Dep't of Health and Human Servs.,* 983 F.2d 815, 817–18 (7th Cir.1993)("It would change our role from that of a reviewing court to that of an [ALJ], required to sift and weigh evidence in the first instance, rather than limited as we are to reviewing evidentiary determinations made by the front-line factfinder."); *Matthews v. Apfel,* Civ.A. No. 98–1125, 1999 WL 1268043, at *—— (E.D.Pa. Dec. 28, 1999). Under provision 42 U.S.C. § 405(g), a case may be remanded to the Commissioner for additional evidence "but only on a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Petitioner has not offered any explanation for not having presented the reports to the ALJ or the Appeals Council.

11. The Commissioner objected on three grounds: 1) the Report and Recommendation discusses parts of the record not objected to by the petitioner—and therefore waived on appeal; 2) the Magistrate Judge impermissibly raised the issues *sua sponte;* and 3) in the alternative, the Report and Recommendation was contrary to law. Def.'s objections, at 1–2. As the Report and Recommendation was not adopted, these issues will not be considered here.

12. Residual function capacity is "what you can still do despite your limitations." 20 C.F.R. § 404.1545.

13. This evidence consisted of the reports and evaluations of two consultative physicians— Drs. Thakarar and Resnick. The assessments of the treating physician—Dr. Silverman—was on a medical assessment form and included no treatment notes or other evidence used by the doctor to reach the determination that petitioner is "temporarily disabled." Rec. at 138, 140. The notes of treating physician Dr. Reina are not legible. Rec. at 130–35.

■ An ALJ must consider a claimant's complaints of pain, but "allegations of pain and other subjective symptoms must be supported by objective medical evidence." *Hartranft v. Apfel*, 181 F.3d at 362, *citing* 20 C.F.R. § 404.1529.

Once an ALJ concludes that a medical impairment that could reasonably cause the alleged symptoms exists, he or she must evaluate the intensity and persistence of the pain or symptom, and the extent to which it affects the individual's ability to work. This obviously requires the ALJ to determine the extent to which a claimant is accurately stating the degree of pain or the extent to which he or she is disabled by it.

*Hartranft*, 181 F.3d at 362 (a back injury claimant).

■ Weighing petitioner's credibility as to his pain and symptoms against the relevant medical evidence, the ALJ found "the claimant is [not] as limited and as symptomatic as he alleges." Rec. at 10–11. There is substantial evidence in the medical reports of Drs. Thakarar and Resnick to support this finding. In addition, whether petitioner had been taking medication, how often, and what type, was unclear.[14]

The ALJ, after evaluating petitioner's condition, found petitioner to be able to perform light work. Rec. at 11–12. The occupation of carpet cleaner, as described in the Dictionary of Occupational Titles, is categorized as light.[15] *Id.* at 12, *citing* Dictionary of Occupational Titles 689.687–066 (U.S. Dep't of Labor, 4th ed., rev'd 1991). On that basis, the ALJ decided that petitioner could perform past relevant work as a carpet cleaner, limited to walking or standing for up to 6 hours, lifting or carrying up to 20 pounds, and frequently lifting or carrying up to 10 pounds. *Id.*

■ The Magistrate Judge faulted the ALJ's failure to utilize testimony of a vocational expert who though present at the hearing did not testify.[16] A vocational expert is typically called as part of the fifth step in the disability determination process—is the claimant unable to return to past relevant work, considering age, education, past work experience, and residual functional capacity, and whether there are other jobs in the national economy that the claimant can perform? *See Plummer v. Apfel*, 186 F.3d at 428 ("The ALJ will often seek the assistance of a vocational expert at this fifth step."). The ALJ determined that petitioner could perform light work and that his past work was light according

---

14. In filling out a hearing request form, petitioner did not complete the section requiring him to identify the medications he was taking. Rec. at 128 (cited by ALJ at 11). Petitioner reported to Dr. Resnick that he was not taking any medications in April, 1996. Rec. at 152 (cited by ALJ at 11). Petitioner seems to have taken pain killers in the past, rec. at 59 ("taking ibuprofen and I think Darvocet" at the time petitioner stopped working) 116, 132–33, 138, 143, 144, but there is also evidence that petitioner did not continue with medication, rec. at 129, 140, 144 ("medications did not help him much"), 152.

15. The Social Security regulations incorporate the Dictionary of Occupational Titles. "To determine the physical exertion requirements of work in the national economy, we classify jobs as 'sedentary,' 'light,' 'medium,' 'heavy,' and 'very heavy.' These terms have the same meaning as they have in the Dictionary of Occupational Titles, published by the Department of Labor." 20 C.F.R.

§ 404.1567. *See also* 20 C.F.R. § 404.1569(a)("The classification of a limitation as exertional is related to the United States Department of Labor's classification of jobs by various exertional levels ... in terms of strength demands for sitting, standing, walking, lifting, carrying, pushing, and pulling.").

16. The following colloquy helps to explain why the vocational expert did not testify:

ALJ: "I don't have any questions today for Mr. Young. In view of the [paucity] of the medical information in the file, but if you want to ask Mr. Young any questions that you think might be beneficial to your client, I'd be happy to have Mr. Young sworn in...."

Atty: "I think we'll hold off on that until ... another opportunity if we need to." Rec. at 79.

to the Dictionary of Occupational Titles. Therefore, it was unnecessary to question the vocational expert as to job availability given petitioner's specific characteristics and limitations. At the fifth step, the regulations regard the use of a vocational expert as discretionary with the ALJ, not mandatory. *See* 20 C.F.R. § 404.1566(e) ("If the issue in determining whether you are disabled is whether your skills can be used in other work and the specific occupations in which they can be used, or there is a similarly complex issues, we may use the services of a vocational expert or other specialist.").

At the fourth step, the ALJ found the petitioner not disabled—and, consequently, there was no need to inquire whether petitioner could perform other jobs in the national economy. "The Secretary has ... promulgated ... regulations, which provide that, at step four, vocational factors are not considered in determining whether or not a claimant retains the residual functional capacity to perform past relevant work." *Williams v. Sullivan,* 970 F.2d 1178, 1187 (3d Cir.1992).

### Conclusion

There is substantial evidence in the record that petitioner is able to perform his past relevant work as a carpet cleaner and is not disabled, and petitioner has not met his burden of proof to the contrary.

An order accompanies this memorandum.

### ORDER

AND NOW, this 7th day of January, 2000, upon consideration of the parties' cross-motions for summary judgment, and after review of the Report and Recommendation of the Magistrate Judge and defendant's objections thereto, the following is ordered:

1. The Report and Recommendation, as supplemented,—not adopted.

2. Plaintiff's motion for summary judgment—denied.

3. Defendant's motion for summary judgment—granted.