

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-5-2002

# Fisher v. Comm Social Security

Precedential or Non-Precedential:

Docket 1-2806

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Fisher v. Comm Social Security" (2002). *2002 Decisions.* Paper 107.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/107

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. 01-2806


JAMES E. FISHER,
                Appellant

v.

LARRY G. MASSANARI, ACTING
COMMISSIONER OF SOCIAL SECURITY


On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 00-cv-00094)
District Judge:  Hon. D. Brooks Smith, Chief Judge


Submitted Under Third Circuit LAR 34.1(a)
February 4, 2002

Before:  SLOVITER, AMBRO, Circuit  Judges, and POLLAK, District
Judge

(Filed: Februry 5, 2002)


MEMORANDUM OPINION OF THE COURT


SLOVITER, Circuit Judge.
                          I.
     Claimant James Fisher appeals from the order of the District Court affirming the
denial by the Commissioner of Social Security of his application for Social Security
Income (SSI).  Fisher alleged disability under SSI, primarily on the basis of low back
pain resulting from a herniated disc combined with other medical problems.  His
application was denied administratively and on reconsideration.  The Administrative Law
Judge (ALJ) determined that Fisher had not met the standard of disability to recover

benefits.  He sought review of the ALJ decision before the Appeals Council and
submitted additional medical evidence, but the Appeals Council denied review.  Fisher
then filed suit in the District Court which, as stated above, affirmed the administrative
denial.  Fisher filed a timely appeal.

                                   II.

    Because we write solely for the parties, we need not set forth a detailed recitation
of the background for this appeal and will limit our discussion to resolution of the issues
presented.  Fisher's principal complaint is that the District Court, in determining whether
the ALJ's decision was supported by substantial evidence, did not consider the additional
medical evidence he had submitted to the Appeals Council.  In its ruling, the District
Court followed the standard set forth in Matthews v. Apfel, 239 F.3d 589 (3d Cir. 2001),
for determining whether, on judicial review, an SSI claimant is entitled to consideration
of additional medical evidence presented for the first time before the Appeals Council.
Under that standard, when the Appeals Council has denied review, the district court may
affirm, modify, or reverse the Commissioner's decision, with or without remand, but
based only on the record before the ALJ.  When the claimant seeks to rely on evidence
that was not before the ALJ, the district court may remand to the Commissioner, but only
if the evidence is new and material and if there was good cause why it was not previously
presented to the ALJ.  Id. at 593.

    Fisher vigorously disagrees with the Matthews opinion.  However, our Internal
Operating Procedures provide:  "It is the tradition of this court that the holding of a panel
in a reported opinion is binding on subsequent panels.  Thus, no subsequent panel
overrules the holding in a published opinion of a previous panel.  Court en banc
consideration is required to do so."  3d Cir. Internal Operating P. 9.1.  Fisher's argument
that some other courts differ is therefore not persuasive.  We note that decisions of the
Sixth, Seventh, and Eleventh Circuits follow the same path as we did in Matthews.  See
Falge v. Apfel, 150 F.3d 1320 (11th Cir. 1998), Cotton v. Sullivan, 2 F.3d 692 (6th Cir.
1993), Eads v. Sec'y of Dep't of Health & Human Servs. (7th Cir. 1993).

    Fisher claims that because the ALJ and the Appeals Council "invited" him to

submit additional evidence and the Appeals Council took the additional evidence under consideration in making its determination to deny review of the ALJ decision, Matthews cannot apply to this case. Fisher misunderstands the Matthews decision and the underlying statute. Section 405(g) of the Social Security Act states that a district court may "order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. 405(g). Matthews holds that when the Appeals Council has considered additional evidence that was not before the ALJ and denied review of the ALJ decision, the District Court may remand the case to the Commissioner to be considered with the additional evidence only if the evidence is new and material and if there is good cause why it was not previously presented to the ALJ. As Matthews points out, the "new and material evidence is transmitted with the record so that the district court will have before it the evidence that will be the subject of the remand if the claimant can show good cause why such new and material evidence was not submitted to the ALJ." 239 F.3d at 594.

The District Court held that Fisher failed to offer evidence showing that the additional medical evidence is material to his disability case or that there was good cause why the evidence was not submitted to the ALJ. Due to Fisher's failure to raise this issue at the District Court level, he has waived consideration of "good cause" before this court.

### III.

The other argument Fisher raises on appeal is that critical findings by the ALJ are not supported by substantial evidence. Fisher hones in on the ALJ's finding that Fisher's testimony on the side-effects of his use of prescription medications and the extent of his depression was not entirely credible. In framing the questions for the vocational expert, the ALJ did take into account Fisher's subjective complaints about side effects of medication and his depression because the ALJ asked the vocational expert a hypothetical question assuming that the individual experienced some sleepiness and drowsiness associated with the use of medication and also experienced moderate depression with

occasional moderate episodes of anxiety, as Fisher claimed he experienced. It was from the vocational expert's response that the ALJ concluded that Fisher retained the ability to perform a significant number of specific, unskilled, low-stress sedentary and light jobs nationwide. The ALJ based this determination on the objective medical evidence found in the record that Fisher was limited to low-stress work. Accordingly, we cannot hold that the District Court erred in holding the ALJ's decision was supported by substantial evidence.

                                IV.
    For the reasons set forth, we will affirm the decision of the District Court.
_____

TO THE CLERK:

        Please file the foregoing opinion.



                /s/ Dolores K. Sloviter
                Circuit Judge