**Kimberly D. ANGST, Plaintiff— Appellant,**

v.

**Michael J. ASTRUE, Defendant— Appellee.**

**No. 08–16066.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2009.

Filed Nov. 3, 2009.

Denise Bourgeois Haley, Law Offices of Lawrence Rohlfing, Santa Fe Springs, CA, for Plaintiff–Appellant.

Mark A. Win, Assistant Regional Counsel, SSA–Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: GOODWIN and RYMER, Circuit Judges, and WU,* District Judge.

MEMORANDUM **

Kimberly D. Angst appeals a judgment affirming the Administrative Law Judge's ("ALJ") denial of supplemental security disability income under Title XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. Our review is de novo, and "[w]e may set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir.2009) (citation and internal quotation marks omitted).

■ Angst's treating physician did not testify at the hearing before the ALJ. The medical report at issue in this appeal is a March 7, 2006, questionnaire assessment prepared by the treating physician's nurse practitioner, who saw Angst frequently. A nurse practitioner "acting as an agent" for the treating doctor can be an acceptable medical source. *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir.1996). Without changing this medical assessment, the treating physician signed it, after it had been rejected by the ALJ, but before it was submitted to the Appeals Council. *See* 20 C.F.R. § 404.970(b) ("If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision."). The ALJ rejected the questionnaire assessment because its recital of Angst's subjec-

---

* The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tive, severe limitations was contradicted by other examining doctors' conclusions, which were supported by objective, clinical evidence. Therefore, the ALJ provided "specific and legitimate reasons supported by substantial evidence in the record" for not relying on the questionnaire assessment prepared by the nurse practitioner, although not yet signed by the treating physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995) (citation and internal quotation marks omitted).

■ By contrasting Angst's testimony regarding the severity of her pain and impairments with her daily activities, the ALJ gave "clear and convincing reasons" for his "adverse credibility finding" regarding Angst's ability to work. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir.2007). "Where, as here, the ALJ has made specific findings justifying a decision to disbelieve an allegation and those findings are supported by substantial evidence in the record, our role is not to second-guess that decision." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir.1999) (citation, internal quotation marks, and ellipsis omitted).

AFFIRMED.

RYMER, Circuit Judge, concurring.

I agree that the district court's denial of Angst's appeal should be affirmed, but I write separately because I believe that neither the district court nor we should consider evidence that was not before the ALJ when the ALJ made his decision. Dr. Rowe's signed opinion was only presented to the Appeals Council when Angst sought review of the ALJ's decision. The Appeals Council considered this additional evidence, found that it did not provide a basis for changing the ALJ's decision, and denied review.[1] Thus, the ALJ's decision was the Commissioner's final action. 20 C.F.R. § 416.1481.

The Social Security Act, 42 U.S.C. § 405(g), provides federal courts with jurisdiction to review the Commissioner's final actions. Section 405(g) makes clear that a federal court may affirm, modify, remand, or reverse the ALJ's decision only on the basis of the pleadings and transcript of the record—or, if "new" evidence is put in play, a court may order the *ALJ* to consider it *if* the evidence is material (i.e., there is a reasonable possibility it would change the ALJ's decision[2]) *and* there is good cause for failing to incorporate it into the record before the ALJ. No such showing was made here, therefore federal court review is limited to the record on which the ALJ rendered his decision.

I realize that we considered new evidence presented to the Appeals Council in *Ramirez v. Shalala*, 8 F.3d 1449 (9th Cir. 1993)—but the government didn't contend the court should not consider the new evidence on appeal, § 405(g) wasn't argued, and we didn't mention it. 8 F.3d at 1451–52. Consequently, the effect of § 405(g) on consideration of evidence not presented to the ALJ remains open. I would follow the Seventh Circuit's approach in *Eads v. Secretary of DHHS*, 983 F.2d 815 (7th

---

1. The Appeals Council considers new and material evidence only where it relates to the period on or before the date of the ALJ hearing decision, and reviews the case if it finds that the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. §§ 404.970, 416.1470. This standard is different from— and looser than—the regulation that guides the federal courts in their determinations, so we cannot simply assume that if the Appeals Council considered new evidence as part of the record before *it*, we should, too.

2. *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380–81 (9th Cir.1984).

Cir.1993), and hold that when the decision being reviewed is the decision of the ALJ, "[t]he correctness of that decision depends on the evidence that was before him." *Id.* at 817.[3] Otherwise, we become ALJs, mired in an Alice in Wonderland exercise of pretending that evidence the real ALJ didn't know existed was really before him.

In short: a claimant who wishes to challenge the ALJ's decision based on evidence that was not before the ALJ may only ask a federal court to remand and order the ALJ to consider the new evidence. Federal courts may grant such a request only when the claimant shows there is a reasonable possibility the additional evidence would change the ALJ's decision and she had good cause for failing to submit the evidence to the ALJ in the first place. 42 U.S.C. § 405(g). When, as in this case, these conditions are not met, the district court's review, and ours, is limited to the evidence upon which the ALJ's decision was based.

---

**3.** The First, Third, Sixth, and Eleventh Circuits are in accord. *See Mills v. Apfel,* 244 F.3d 1, 5 (1st Cir.2001); *Matthews v. Apfel,* 239 F.3d 589, 592–93 (3d Cir.2001); *Falge v. Apfel,* 150 F.3d 1320, 1323 (11th Cir.1998); *Cotton v. Sullivan,* 2 F.3d 692, 696 (6th Cir. 1993). However, the Second, Fourth, Fifth, Eighth, and Tenth Circuits have held that courts should consider new evidence not presented before the ALJ when the Appeals Council considers that evidence in denying review. *See Higginbotham v. Barnhart,* 405 F.3d 332, 336 (5th Cir.2005); *Perez v. Chater,* 77 F.3d 41, 45 (2d Cir.1996); *O'Dell v. Shalala,* 44 F.3d 855, 859 (10th Cir.1994); *Nelson v. Sullivan,* 966 F.2d 363, 366 (8th Cir.1992); *Wilkins v. Sec'y of Dept. of Health & Human Servs.,* 953 F.2d 93, 96 (4th Cir.1991).

