RYMER, Circuit Judge,
concurring.
I agree that the district court’s denial of Angst’s appeal should be affirmed, but I write separately because I believe that neither the district court nor we should consider evidence that was not before the ALJ when the ALJ made his decision. Dr. Rowe’s signed opinion was only presented to the Appeals Council when Angst sought review of the ALJ’s decision. The Appeals Council considered this additional evidence, found that it did not provide a basis for changing the ALJ’s decision, and denied review.[1] Thus, the ALJ’s decision was the Commissioner’s final action. 20 C.F.R. § 416.1481.
The Social Security Act, 42 U.S.C. § 405(g), provides federal courts with jurisdiction to review the Commissioner’s final actions. Section 405(g) makes clear that a federal court may affirm, modify, remand, or reverse the ALJ’s decision only on the basis of the pleadings and transcript of the record — or, if “new” evidence is put in play, a court may order the ALJ to consider it if the evidence is material (i.e., there is a reasonable possibility it would change the ALJ’s decision[2]) and there is good cause for failing to incorporate it into the record before the ALJ. No such showing was made here, therefore federal court review is limited to the record on which the ALJ rendered his decision.
I realize that we considered new evidence presented to the Appeals Council in Ramirez v. Shalala, 8 F.3d 1449 (9th Cir. 1993) — but the government didn’t contend the court should not consider the new evidence on appeal, § 405(g) wasn’t argued, and we didn’t mention it. 8 F.3d at 1451-52. Consequently, the effect of § 405(g) on consideration of evidence not presented to the ALJ remains open. I would follow the Seventh Circuit’s approach in Eads v. Secretary of DHHS, 983 F.2d 815 (7th *230 Cir.1993), and hold that when the decision being reviewed is the decision of the ALJ, “[t]he correctness of that decision depends on the evidence that was before him.” Id. at 817.[3] Otherwise, we become ALJs, mired in an Alice in Wonderland exercise of pretending that evidence the real ALJ didn’t know existed was really before him.
In short: a claimant who wishes to challenge the ALJ’s decision based on evidence that was not before the ALJ may only ask a federal court to remand and order the ALJ to consider the new evidence. Federal courts may grant such a request only when the claimant shows there is a reasonable possibility the additional evidence would change the ALJ’s decision and she had good cause for failing to submit the evidence to the ALJ in the first place. 42 U.S.C. § 405(g). When, as in this case, these conditions are not met, the district court’s review, and ours, is limited to the evidence upon which the ALJ’s decision was based.

. The Appeals Council considers new and material evidence only where it relates to the period on or before the date of the ALJ hearing decision, and reviews the case if it finds that the ALJ’s "action, findings, or conclusion is contrary to the weight of the evidence currently of record.” 20 C.F.R. §§ 404.970, 416.1470. This standard is different from— and looser than — the regulation that guides the federal courts in their determinations, so we cannot simply assume that if the Appeals Council considered new evidence as part of the record before it, we should, too.

. Booz v. Sec’y of Health & Human Servs., 734 F.2d 1378, 1380-81 (9th Cir.1984).

. The First, Third, Sixth, and Eleventh Circuits are in accord. See Mills v. Apfel, 244 F.3d 1, 5 (1st Cir.2001); Matthews v. Apfel, 239 F.3d 589, 592-93 (3d Cir.2001); Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir.1998); Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993). However, the Second, Fourth, Fifth, Eighth, and Tenth Circuits have held that courts should consider new evidence not presented before the ALJ when the Appeals Council considers that evidence in denying review. See Higginbotham v. Banhart, 405 F.3d 332, 336 (5th Cir.2005); Perez v. Chater, 77 F.3d 41, 45 (2d Cir.1996); O’Dell v. Shalala, 44 F.3d 855, 859 (10th Cir. 1994); Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir. 1992); Wilkie v. Sec'y of Dept. of Health & Human Servs., 953 F.2d 93, 96 (4th Cir.1991).